OPINION
Brian Lefthandbull, defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Court of Common Pleas for five counts of rape, violations of R.C. 2907.02, and five counts of gross sexual imposition, violations of R.C. 2907.05.
Appellant was accused of sexually abusing his girlfriend's daughter. At the time, the victim was approximately six to seven-years-old and appellant was living with the victim and the victim's mother. The victim's mother testified that in April 1999, she attended a lecture at the Ohio State University concerning how to talk to children about sex and sexually transmitted diseases. After attending the lecture, she talked to her daughter about sex. The victim's mother stated that during their conversation, her daughter:
 * * * began to look very distressed. I continued talking and at that time I asked her what the problem was. Had someone tried to do something like this with her before and she said, Yes. I said, who, and she said, [appellant].
The victim's mother had the victim examined by a doctor. The victim was later interviewed by Franklin County Children Services ("FCCS") and a police detective. Appellant was arrested on May 20, 1999, and on May 28, 1999, he was indicted by a grand jury on five counts of rape and five counts of gross sexual imposition. Appellant's trial was scheduled to begin August 2, 1999.
In an entry dated August 3, 1999, the trial court continued appellant's trial until September 13, 1999, in order to allow "additional investigation due to FCCS records just provided pursuant to in camera inspection." In an entry dated September 14, 1999, the trial court continued appellant's trial until November 15, 1999, because appellant "requests new counsel, new counsel will need time to prepare for trial." In an entry dated November 15, 1999, the trial court continued appellant's trial until December 13, 1999, because appellant's "Counsel needs additional time to investigate leads on his behalf; and Counsel requests 30 days for further investigation." The court, on its own motion, continued appellant's trial from December 13, 1999 to December 15, 1999, because the court was still involved in a capital murder case. Appellant refused to sign the entries for all four continuances.
On December 15, 1999, appellant's trial began. The victim and her mother testified on behalf of the state and appellant testified on his own behalf. The victim testified that appellant fondled her vagina "more than five times." She also testified that appellant touched her breasts "more than five times." The victim stated that appellant either used his mouth or hands when he touched her. The victim further testified that appellant pulled her clothes off, put "sex movies" on the television while touching her, placed her on top of him without her clothes on, videotaped the sex acts, had her watch the videotape of the sex acts, and had her touch his penis and pubic area. The victim described the content of the videotape as "showing us doing sex." The victim's mother testified that she confronted appellant once she learned of his actions with her daughter. She testified she "asked him how he could do something like this and why would he do this to [my daughter]. He said to me that he was sick and he needed help and I was the only one that could help him."
The jury found appellant guilty of five counts of rape and five counts of gross sexual imposition. On April 5, 2000, the court found appellant to be a sexual predator and sentenced him to serve nine years for each rape conviction and four years for each gross sexual imposition conviction. Appellant appeals his convictions and presents the following five assignments of error:
ASSIGNMENT OF ERROR ONE
 THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THE CASE AGAINST THE APPELLANT FOR FAILURE TO COMMENCE TRIAL PURSUANT TO THE APPELLANT'S RIGHT TO A SPEEDY TRIAL[.]
 ASSIGNMENT OF ERROR TWO
 IF THE COURT FINDS THAT THE APPELLANT'S RIGHT TO A SPEEDY TRIAL HAS NOT BEEN VIOLATED THEN THE COURT SHOULD HAVE SUSTAINED APPELLANT'S COUNSEL'S REQUEST TO CONTINUE TRIAL TO OBTAIN ITS OWN WITNESS CONCERNING THE MINOR CHILD'S POTENTIAL MEMORY PROBLEMS AND/OR MEDICAL CONDITION[.]
 ASSIGNMENT OF ERROR THREE
 THE COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO REOPEN THE COMPETENCY HEARING CONCERNING THE ALLEGED VICTIM WHO WAS UNDER THE AGE OF TEN AND/OR THE COURT ERRED IN FINDING THE CHILD TO BE COMPETENT TO TESTIFY AND APPELLANT'S FIRST COUNSEL WAS INEFFECTIVE AT THE COMPETENCY HEARING[.]
 ASSIGNMENT OF ERROR FOUR
 THE TRIAL COURT ERRED WHEN IT OVERRULED THE DEFENDANT'S MOTION TO MERGE THE CONVICTION OF RAPE WITH THE CONVICTION OF GROSS SEXUAL IMPOSITION[.]
 ASSIGNMENT OF ERROR FIVE
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS WELL AS INSUFFICIENT AND APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO RULE 29 AT SEVERAL STAGES OF THE TRIAL SHOULD HAVE BEEN SUSTAINED[.]
Appellant argues in his first assignment of error that the trial court erred when it failed to dismiss his case based upon his right to a speedy trial. Appellant claims that even though the court continued his trial date at his counsel's request, he never agreed to the continuances and, therefore, they should not have been granted without his written approval.
The Sixth Amendment of the United States Constitution states in part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." By virtue of theFourteenth Amendment to the United States Constitution, the Sixth Amendment right to a speedy trial is enforceable against the states. Smith v. Hooey
(1969), 393 U.S. 374, 375, 89 S.Ct. 575; State v. Selvage (1997),80 Ohio St.3d 465, 466. The Ohio Constitution similarly provides that an accused shall be allowed "a speedy public trial." Section 10, ArticleI, Ohio Constitution.
Concerning the time period afforded by the Sixth Amendment's right to a speedy trial, the United States Supreme Court has stated that "the right to [a] speedy trial is a more vague concept than other procedure rights [and it is] impossible to determine with precision when the right has been denied." Barker v. Wingo (1972), 407 U.S. 514, 521, 92 S.Ct. 2182,2187. The Ohio Legislature statutorily defined the time period in which a defendant must be brought to trial in R.C. 2945.71. R.C. 2945.71(C)(2) states that a person against whom a charge of felony is pending "[s]hall be brought to trial within two hundred seventy days after [the person's] arrest." R.C. 2945.71(E) provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
In the present case, appellant was arrested on May 20, 1999, and his trial began on December 15, 1999. Since appellant was in jail on the pending charges, applying R.C. 2945.71(C) and 2945.71(E), it is required that appellant be brought to trial within ninety days. However, R.C.2945.72(H) allows the time within which an accused must be brought to trial for "the period of any continuance granted on the accused's own motion." A review of the record shows that appellant's trial date of December 15, 1999, was due to three continuances granted by the trial court at the request of appellant's counsel. Although appellant objected to the granting of the continuances, a "`defendant's right to be brought to trial within the time limits expressed in R.C. 2945.71 may be waived by his counsel for reasons of trial preparation and the defendant is bound by the waiver even though the waiver is executed without his consent.'" State v. Vaughn (1995), 106 Ohio App.3d 775, 786, quotingState v. McBreen (1978), 54 Ohio St.2d 315, 320.
Accordingly, after having reviewed the continuances that were granted by the trial court, we find that appellant's right to a speedy trial was not violated. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court should have sustained a motion to continue the trial made by his counsel on December 14, 1999. Appellant's counsel filed the motion the day before appellant's trial was to begin and argued the motion before the court the morning of his trial.
The granting or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge. State v. Green
(2000), 90 Ohio St.3d 352, 368. "Overruling a motion for a continuance made on the morning of the trial when a previous continuance had been granted to the defendant is not an abuse of discretion." State v. Law
(Jan. 8, 1999), Greene App. No. 98 CA 42, unreported.
A review of the record shows that appellant's counsel requested the continuance the day before appellant's trial was to begin in order to present new evidence concerning the competency of the victim. (A competency hearing had already been held for the victim on September 13, 1999.) Appellant's counsel was essentially seeking the continuance in order to: (1) reopen the issue of the victim's competency by requesting a second competency hearing; and/or (2) delay appellant's trial. Prior to the request, appellant's trial had already been continued four separate times. When considering these facts, we cannot say that it was an abuse of discretion by the trial court to overrule the motion. Appellant's second assignment of error is overruled.
Appellant presents three separate arguments in his third assignment of error: (1) the court erred when it overruled appellant's motion to reopen the competency hearing for the victim; (2) the court erred when it found the victim competent to testify; and (3) appellant's counsel was ineffective at the competency hearing. We will address each of these issues in the order in which they have been presented.
Appellant argues that the trial court erred when it overruled his motion to reopen the competency hearing for the victim. However, a review of the transcript does not show the court abused its discretion when it overruled the motion. The court already held a competency hearing, and while the facts regarding the prior sexual allegations involving the victim may have been relevant to the victim's credibility, it had little relevance regarding her competency.
Evid.R. 601 states that:
Every person is competent to be a witness except:
 (A) * * * children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
The court is required to conduct a voir dire examination of a child under ten years of age in order to determine whether the child is competent to testify. Akron v. Deem (1999), 135 Ohio App.3d 523, 525.
 In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful. State v. Frazier (1991), 61 Ohio St.3d 247, syllabus.
The determination of whether a witness is competent is a matter left to the trial court because the trial judge is in the best position to determine issues relating to the competency of each witness. State v.Dunning (Dec. 11, 2000), Brown App. No. CA2000- 03-004, unreported.
In the present case, the court held a competency hearing for the victim on September 13, 1999, in which both counsel and the court asked the victim questions. A review of the transcript demonstrates the victim was able to accurately answer several different questions concerning her ability to perceive and relate to events, times, and places. For example, the victim testified about her family and friends, the school she attended, and her teachers. The victim also testified that she knew the difference between telling the truth and telling a lie. In response to the argument of appellant's counsel that the victim's answers were rehearsed, the court stated: "[t]hat's the reason I asked the questions that I did in addition to what [the prosecution] did and why I followed up on the questions you asked to determine if they were rehearsed and they were not." Some of the questions the court asked included what the current month was, what month Christmas was in, and who the current President of the United States was. The victim answered all of these questions correctly.
A review of the transcript of the competency hearing reveals that the trial court did not abuse its discretion. See Frazier, supra. Each of the factors listed in Frazier were addressed in the present case, and it appears from the transcript that the victim was able to accurately recall impressions of facts and transactions and relate them truthfully.
Appellant also argues in his appellate brief that his trial counsel should have challenged the victim's answers at the competency hearing. However, it appears appellant has a mistaken belief that competency and credibility determinations are the same. Cross-examination during a trial is typically used to cast doubt upon a witness' testimony. During a competency hearing, cross-examination does not focus on the credibility of the witness but, instead, explores whether the witness is competent to testify. While appellant claims that his counsel was ineffective in cross-examinating the victim, he fails to suggest what questions, if any, would have demonstrated the victim's incompetence. Additionally, cross-examination is a trial tactic and "`an appellate court reviewing an ineffective assistance of counsel claim will not second guess counsel's strategy in direct and cross-examination of witnesses.'" State v. Gray
(Mar. 28, 2000), Franklin App. No. 99AP-666, unreported, quoting Statev. Edwards (Feb. 17, 1998), Clermont App. No. CA97-04-035, unreported, discretionary appeal not allowed (1999), 82 Ohio St.3d 1430.
Appellant also claims his counsel should have raised questions at the competency hearing concerning prior sexual allegations involving the victim. However, any error by counsel would have been cured when, before appellant's trial, the facts of the sexual allegations were submitted to the trial judge. After hearing the allegations, the judge denied appellant's motion to reopen the issue of the victim's competency. If the court had determined that this information called into question the victim's competency, the court could have sua sponte held a competency hearing or could have excluded the victim from testifying. Since the trial court did not do this and the determination of a witness' competency is a matter left to the trial court, we find that appellant has failed to prove that he was sufficiently prejudiced by his counsel's failure to raise questions concerning prior sexual allegations involving the victim. Accordingly, appellant's third assignment of error is overruled.
Appellant argues in his fourth assignment of error that the trial court erred when it overruled his motion to merge the rape convictions with the gross sexual imposition convictions. Gross sexual imposition is a lesser-included offense of rape. State v. Johnson (1988),36 Ohio St.3d 224, 226. A defendant generally may not be convicted of and sentenced for both gross sexual imposition and rape when they arise out of the same conduct. State v. Jones (1996), 114 Ohio App.3d 306,325. However, if the charge of gross sexual imposition is premised upon separate contact from the conduct which constituted the charge of rape, the offender committed two separate offenses and he or she may be convicted of both. State v. Hay (Dec. 19, 2000), Union App. No. 14-2000-24, unreported.
In the present case, a review of the evidence shows appellant's rape convictions were based upon the victim's allegations that "he licked my vagina." Appellant's gross sexual imposition convictions were based upon the victim's allegations that appellant "licked my boobs" or "rubbed his thumb on my boobs." Appellant argues that the victim's testimony "provides no set dates and often indicates that the fondling and putting of [appellant's] mouth on her vagina occurred simultaneously." However, a review of the record does not support appellant's contention. Even if the victim's testimony did indicate that the acts occurred simultaneously, the charge of gross sexual imposition is premised upon appellant touching the victim's breasts, which is separate contact from appellant touching the victim's vagina with his mouth, which constitutes the charge of rape. Therefore, the evidence supports the finding that appellant committed two separate offenses and that he could be convicted of both offenses. Appellant's fourth assignment of error is overruled.
Appellant argues in his fifth assignment of error that: (1) he was entitled to an acquittal pursuant to Crim.R. 29; (2) there was insufficient evidence to support his convictions for gross sexual imposition and rape; and (3) his convictions were against the manifest weight of the evidence. We will discuss appellant's arguments in the order we have presented them.
At the conclusion of the state's presentation of evidence against appellant, appellant's counsel made a motion for judgment of acquittal pursuant to Crim.R. 29. The trial court overruled the motion. Crim.R. 29(A) states:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
A trial court's decision to deny a Crim.R. 29(A) motion for acquittal based on the sufficiency of the evidence will be upheld if after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational factfinder could have found the essential elements of the charge proven beyond a reasonable doubt. State v.Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported, discretionary appeal not allowed (2000), 87 Ohio St.3d 1490, certiorari denied (2000), __U.S.__, 120 S.Ct. 2697, following State v. Dennis
(1997), 79 Ohio St.3d 421, 430, certiorari denied, (1998), 522 U.S. 1128,118 S.Ct. 1078.
R.C. 2907.02(A) states in part:
 No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
Sexual conduct is defined to include "cunnilingus between persons." R.C. 2907.01(A).
In the present case, the victim stated that she was eight-years-old when she testified concerning the acts appellant engaged in with her. When questioned how many times appellant licked her vagina, the victim testified as follows:
Q. You indicated that he put his mouth on your vagina?
A. Yes.
Q. How many times do you think that happened?
A. More than once.
Q. Did it happen more than twice?
A. Yes.
Q. Did it happen more than — —
 [Objection by appellant's counsel which was overruled by the court]
* * *
 Q. [A]s I said a few minutes ago, did [appellant] fondle your vagina more than two times?
A. Yes.
Q. Was it more than five times?
A. Yes.
Q. More than ten times?
A. No.
The problem with the foregoing excerpt from the transcript is that after appellant's counsel objected, the prosecutor changed the question from how many times appellant "put his mouth on your vagina" to how many times appellant "fondle[d] your vagina." The word "fondle" would seem to indicate that the victim was testifying about "sexual contact" with appellant as opposed to "sexual conduct." Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the * * * pubic region." R.C. 2907.01(B). A review of the complete transcript does not establish the victim ever testified appellant had sexual conduct with the victim five times, which is necessary in order to support appellant's five rape convictions. Thus, we find that insufficient evidence was presented by the prosecution to support a finding that appellant had sexual conduct with the victim five different times. However, we find that sufficient evidence was presented that appellant had sexual conduct with the victim at least two times, which supports two of appellant's rape convictions.
Even though the victim did not testify that appellant raped her five times, her testimony that appellant fondled her vagina "more than five times" supports three counts of the lesser offense of gross sexual imposition. These three counts do not merge with the five counts of gross sexual imposition appellant was convicted of because the fondling of her vagina is premised upon separate contact from the contact which the five counts of gross sexual imposition were based upon, i.e.,
appellant touching her breasts. A review of the evidence in a light most favorable to the state reveals that a rational trier of fact could have found beyond a reasonable doubt that appellant violated R.C. 2907.02 on at least two occasions because he engaged in cunnilingus with the victim, and that appellant violated R.C. 2907.05 on at least three occasions because he had sexual contact with the victim by touching her vagina.
Appellant was also convicted of five counts of gross sexual imposition, a violation of R.C. 2907.05, which states in part:
 (A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation * * * if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
In the present case, the victim was less than thirteen years of age when the offenses occurred. The victim testified that appellant "licked my boobs" and "rubbed his thumb on my boobs." She also testified that this occurred in the living room of her home. She further testified that appellant pulled off her clothes, the two of them lay on the couch, and appellant had "sex movies" on the television while the sexual acts occurred. She testified that she saw "white sticky stuff" come out of appellant's penis. When asked whether appellant put his mouth or his thumb on her chest more than five times, she answered "yes." After having reviewed the above evidence in a light most favorable to the state, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant violated R.C. 2907.05 on at least five occasions.
Accordingly, we find the trial court erred when it overruled appellant's Crim.R. 29 motion. The trial court should have found that the evidence did not support appellant being convicted of five counts of rape. The court should have also found the evidence supported appellant being convicted of two counts of rape and eight counts of gross sexual imposition. Since the same standard of review is used for a trial court's decision regarding a motion for acquittal pursuant to Crim.R. 29(A), and whether insufficient evidence supports a conviction, we similarly find that sufficient evidence was presented to support appellant being convicted of two counts of rape and eight counts of gross sexual imposition. See Buterbaugh, supra.
Appellant also argues in his fifth assignment of error that his convictions were against the manifest weight of the evidence. The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. State v. McCoy (June 22, 2000), Franklin App. No. 99AP-969, unreported, following State v. Clemons (1998),82 Ohio St.3d 438, 444.
In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the factfinder's resolution of the conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction." State v. Getsy (1998), 84 Ohio St.3d 180, 193, certiorari denied (1999), 527 U.S. 1042, 119 S.Ct. 2407. "The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact because the trier of fact has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case." State v. Lippencott
(Nov. 21, 2000), Franklin App. No. 00AP-491, unreported.
A review of the entire record, including weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, reveals no basis to believe that the jury clearly lost its way, that a manifest miscarriage of justice occurred, or that two of appellant's five rape convictions and five gross sexual imposition convictions were against the manifest weight of the evidence. See State v. Smith (1997),80 Ohio St.3d 89, 114, certiorari denied (1999), 523 U.S. 1125,118 S.Ct. 1811. Even though appellant's three rape convictions are against the manifest weight of the evidence, we find the weight of the evidence supports appellant being found guilty of three counts of gross sexual imposition, which is a lesser-included offense of rape. While appellant and the victim presented different stories concerning the events that occurred, we cannot say that based upon the record, it was unreasonable for the jury to believe the victim's account. Additionally, the victim's account was supported by her mother's testimony; after she confronted appellant about sexually abusing her daughter, appellant told her "that he was sick and he needed help." Therefore, appellant's fifth assignment of error is sustained in part and overruled in part.
Accordingly, appellant's first, second, third, and fourth assignments of error are overruled. Appellant's fifth assignment of error is sustained in part and overruled in part to the extent appellant should have been found guilty of two violations of rape pursuant to R.C. 2907.02, and eight violations of gross sexual imposition pursuant to R.C. 2907.05. The judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part, and three of appellant's rape convictions shall be reduced to the lesser-included offense of gross sexual imposition. Because of the reduction of three of appellant's convictions from first degree felonies to third degree felonies, it is also necessary that appellant be re-sentenced. The present matter is remanded to the Franklin County Court of Common Pleas to re-sentence appellant and prepare an appropriate judgment entry that reflects the changes in appellant's conviction and sentence.
BROWN, J., BRYANT, P.J., and BOWMAN, J., concur.