Wright, J.
The parties and the court of appeals have focused on whether the facts of this case satisfy the particular requirements of Evid.R. 807. We do not reach those issues, because two fundamental errors preclude a proper review of the application of that rule in this case.
I
The trial court erred when it failed to record the competency hearing of the five-year-old granddaughter. Crim.R. 22 clearly provides: “In serious offense cases all proceedings shall be recorded.” (Emphasis added.) Although “proceeding” is not defined under Crim.R. 22, it is generally defined as “[a]ll the steps or measures adopted in the prosecution of an action * * * [including] any act done by authority of the court of law and every step required to be taken in any cause by either party.” Black’s Law Dictionary (6 Ed.1990) 1204. A hearing held for the purpose of determining the competency of a potential witness surely falls within the above definition. Therefore, we hold that a hearing to determine the competency of a potential child witness under Evid.R. 601 must be recorded pursuant to Crim.R. 22. For the reasons stated below, failure to record a competency hearing of a potential child witness constitutes reversible error.
A competency hearing was required in this case. Even though the five-year-old granddaughter did not directly testify, her out-of-court statements were admitted through the testimony of her mother and a sexual-abuse investigator. As Professor Wigmore explains, hearsay statements must meet the same basic requirements for admissibility as live witness testimony: “The admission of hearsay statements, by way of exception to the rule, therefore presupposes that *476 the asserter possessed the qualifications of a witness * * * in regard to knowledge and the like.” (Emphasis sic.) (Citation omitted.) 5 Wigmore on Evidence (Chadbourn Rev.1974) 255, Section 1424. Competency is one of the few qualifications required of a witness. Evid.R. 601. See, also, State v. Boston (1989), 46 Ohio St.3d 108, 114, 545 N.E.2d 1220, 1228.
Evid.R. 601(A) provides that: “Every person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.” This rule requires that a competency hearing be conducted with regard to children under ten years of age.
A competency hearing is an indispensable tool in this and similar cases. A court cannot determine the competency of a child through consideration of the child’s out-of-court statements standing alone. As we explained in State v. Wilson (1952), 156 Ohio St. 525, 46 O.O. 437, 103 N.E.2d 552, the essential questions of competency can be answered only through an in-person hearing: “The child’s appearance, fear or composure, general demeanor and manner of answering, and any indication of coaching or instruction as to answers to be given are as significant as the words used in answering during the examination, to determine competency. * * *
“Such important and necessary observations cannot be made unless the child appears personally before the court.” Id. at 532, 46 O.O. at 440, 103 N.E.2d at 556.
Evid.R. 807 clearly does not dispose of the need to find a child competent. Competency under Evid.R. 601(A) contemplates several characteristics. See State v. Frazier (1991), 61 Ohio St.3d 247, 251, 574 N.E.2d 483, 487, certiorari denied (1992), 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629. Those characteristics can be broken down into three elements. First, the individual must have the ability to receive accurate impressions of fact. Second, the individual must be able to accurately recollect those impressions. Third, the individual must be able to relate those impressions truthfully. See, generally, 2 Wigmore on Evidence (Chadbourn Rev.1979) 712-713, Section 506.
Out-of-court statements that fall within Evid.R. 807, like the other hearsay exceptions, possess a “circumstantial probability of trustworthiness.” See 5 Wigmore, supra, at 253, Section 1422. In other words, under unique circumstances we make a qualified assumption that the declarant related what she believed to be true at the time she made the statement. However, those same circumstances do not allow us to assume that the declarant accurately received *477 and recollected the information contained in the statement.[1] Whether she accurately received and recollected that information depends upon a different set of circumstances, those covering the time from when she received the information to when she related it. As a result, even though a statement falls within a hearsay exception, two elements of the declarant’s competency remain at issue • and must still be established. Thus, a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evid.R. 807. See Boston, supra, 46 Ohio St.3d at 114, 545 N.E.2d at 1228; Schulte v. Schulte (1994), 71 Ohio St.3d 41, 42, 641 N.E.2d 719, 720, fn. 1.
II
The trial court also erred when it failed to make the findings required by Evid.R. 807 before admitting the five year old’s statements under that rule. Evid.R. 807(C) expressly requires that a trial court “shall make the findings required by this rule on the basis of a hearing conducted outside the presence of the jury and shall make findings of fact, on the record, as to the bases for its ruling.”
By its own terms, Evid.R. 807 provides what a trial court must find on the record. First, a trial court must find “that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness * * *.” Evid.R. 807(A)(1). Second, a trial court must find that “[t]he child’s testimony is not reasonably obtainable by the proponent of the statement.” Evid.R. 807(A)(2). Third, a trial court must find “independent proof of the sexual act or act of physical violence.” Evid.R. 807(A)(3). Finally, a trial court must find that the proponent of the statement fulfilled the notice requirements under Evid.R. 807(A)(4). Evid.R. 807(C) also requires a trial court to make findings of fact to support each of the general findings.
The trial court in this case failed to make three of the findings required by Evid.R. 807(C). Before the hearing, the trial court made and explained its finding that the child’s testimony was “not reasonably obtainable.” The court discussed the circumstances surrounding the child’s refusing to testify. However, the court failed to make a finding of fact that any of the individuals who urged the girl to testify qualified as a person “trusted by the child.” Evid.R. 807(B)(1). *478 The only other findings by the trial court were made at the close of the Evid.R. 807 hearing, when the trial court merely stated:
“Very well. The court finds that the testimony of the child may be given by another party.
“The elements of the statute, in the court’s view, have been met, and the court finds that the child is without the ability to testify, and therefore, her testimony may be substituted.”
Findings in the form of skeletal conclusions are inadequate under Evid.R. 807, as they fail to meet the express requirements of the rule and they preclude a reviewing court from adequately reviewing the application of the rule to the particular facts of the case.
For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas and Pfeifer, JJ., concur.
Resnick, J., concurs in part and dissents in part.
F.E. Sweeney, J., dissents.

. As we noted in State v. Wallace (1988), 37 Ohio St.3d 87, 94-95, 524 N.E.2d 466, 473, the circumstances involving an excited utterance make that exception sui generis with respect to requiring competency of a child declarant. See, also, Boston, supra, 46 Ohio St.3d at 114, 545 N.E.2d at 1228, fn. 1.