Defendant-appellant Phil Hill ("appellant") appeals from his conviction for one count of rape of a minor in violation of R.C.2907.02.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED BY FINDING MIESHA NORRIS COMPETENT TO TESTIFY.
 II. THE TRIAL COURT ERRED BY ALLOWING THE JURY TO CONSIDER PREJUDICIALLY IRRELEVANT EVIDENCE.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
Appellant was indicted for one count of rape of a person under the age of thirteen years. The charge stemmed from an incident which allegedly occurred on July 3, 1997, with appellant's five-year old stepdaughter, Miesha. After the trial court found Miesha competent to testify, Miesha testified that appellant entered her room and sat on her bed. Appellant was not wearing any clothing at the time. Appellant instructed Miesha to "suck his thing" which she identified as appellant's private part. Miesha stated that appellant peed in her mouth. Afterwards, appellant told Miesha not to tell anyone about what happened or appellant would get into trouble. Appellant then gave Miesha some chips to eat. Later that day, Miesha related the episode to her seven-year old brother Eric. Her uncle, James Norris, overheard Miesha's conversation with Eric and questioned Miesha about the incident. Norris telephoned Miesha's mother. Miesha told her mother about what had happened.
Norris testified that he lived with his sister and her family. On July 3, 1997, Norris was giving his sister's children lunch. Miesha was talking to her brother in a soft voice, unlike her usual tone. After overhearing the conversation, Norris took Miesha into the bathroom away from the other children. Miesha told Norris about the incident with appellant. Norris called his sister and had Miesha speak to her. His sister returned home and called the police. Norris never spoke to appellant who was home in his bedroom.
Alecia Hill, Miesha's mother, testified that on July 3, 1997, she lived at 3578 East 138th Street in Cleveland with appellant and her children. One of her children is appellant's son. On the date in question, appellant came home from work between 5:30 and 6:00 a.m. Appellant was lying on the bed unclothed when Hill left for school at 7:30 a.m.
After receiving the phone call from her brother, Hill returned home and spoke to Miesha. Hill then took Miesha into the bathroom and had Miesha undress. Hill examined Miesha but saw nothing unusual or different. Hill gave Miesha some teddy bears and asked her to reenact what happened with appellant. Appellant was not present during the demonstration with the dolls.
Hill confronted appellant. Hill instructed Miesha to tell appellant what Miesha had told her mother. Miesha repeated the same facts to appellant. Hill telephoned the police. Miesha was taken to the hospital by the police. No physical evidence of a sexual assault was discovered. Hill called appellant from the hospital. Appellant denied doing anything wrong to Miesha. Hill asked appellant to leave the house until the truth was determined.
Appellant testified in his own defense. Appellant averred that he came home about 5:30 a.m. on July 3, 1997. Appellant took a shower and went to lay down in the bedroom. Appellant turned on the television and noticed a video tape was stuck in the Video Cassette Recorder. Appellant recognized the video tape as a pornography tape which depicts scenes of oral sex. Appellant did not see Miesha until his wife returned about 4:30 p.m. and asked to speak to appellant. Appellant left the house but returned on July 5, 1997. After asking where the incident was supposed to have taken place, appellant went upstairs with his wife and Miesha to Miesha's bedroom. There, Miesha put one doll between the legs on another. Appellant stated that Alecia Hill corrected Miesha's demonstration with the dolls causing Miesha to put the dolls together a second time.
The jury convicted appellant of one count of rape of a minor as charged in the indictment. The trial court imposed a life sentence. Appellant appeals from the verdict.
 II.
Appellant's first assignment of error challenges the trial court's finding that Miesha was competent to testify. Appellant contends that Miesha lacked the ability to receive and recollect accurate impressions or relate the events of the alleged rape. Appellant also asserts Miesha did not understand the concept of truth and falsity.
Evid.R. 601 provides:
Every person is competent to be a witness except:
 (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
It is the trial court's duty to conduct a you dire examination of a child witness under ten years of age to ascertain the child's competency to testify. State v. Said (1994), 71 Ohio St.3d 473. Absent an abuse of discretion, the trial court's competency determination will not be disturbed on appeal. State v. Clark
(1994), 71 Ohio St.3d 466. A competency determination is reviewed under the abuse of discretion standard because the trial court is far better situated than a reviewing court to gauge the competency of a child witness. State v. Street (1997), 122 Ohio App.3d 79. "The trial judge has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully." State v. Frazier (1991),61 Ohio St.3d 247, 251. An abuse of discretion connotes more than an error of law. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Moreland
(1990), 50 Ohio St.3d 58, 61.
The court in Frazier, supra, interpreted Evid.R. 601(A) and held at the syllabus:
 In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful.
A witness under the age of ten is not presumed to be incompetent. However, the proponent of the child witness' testimony bears the burden of proving that the witness is capable of receiving just impressions and relating them truthfully. Clark, supra.
At the hearing, five-year old Miesha knew how old she was, the date of her birthday, the name of her school, and that she was in kindergarten where she enjoys coloring. Miesha related the names of her friends and family. Miesha correctly named the colors of some flowers. She stated that if the prosecutor said the flowers were blue that would be a lie but it would be the truth if the prosecutor said the flowers were white and pink. Miesha agreed that it is a good thing to tell the truth and that if a person does not, he or she gets a whopping which is not a good thing to get. Miesha later related that she got in trouble for not telling the truth when she broke a cup and blamed her brother.
Miesha stated that she told her brother that appellant made her "suck his thing" which Miesha identified as appellant's private part. Miesha stated appellant then started peeing on her.
In Frazier, supra, the Supreme Court of Ohio upheld the trial court's determination of a seven-year old's competency who was able to relate facts about the crime. The court found that the child exhibited an understanding of truth and falsity by testifying he would receive a "whooping" if he did not tell the truth. The Supreme Court of Ohio also upheld a determination of the competency of a five-year old boy in State v. Allard (1996),75 Ohio St.3d 482. The child stated that people who do not tell the truth get in trouble. Further, the child could relay his full name, age, name of his school, and the names of his friends and teacher. The child explained what happened on the night in which the murder occurred which was consistent with the other evidence produced at trial.
In State v. Lloyd (Feb. 12, 1998), Cuyahoga App. No. 71578, unreported, this court held no abuse of discretion occurred when the trial court determined that a nine-year old was competent to testify. The child told the trial court his address, the name and location of his school, what classes he took, and the grades he received. The child demonstrated an understanding of the difference between a lie and the truth. See also State v. Lugli
(Aug. 30, 1996), Erie App. No. E-95-025, unreported.
Appellant argues that Miesha did not exhibit an understanding of her obligation to tell the truth. Appellant points out that Miesha could not define "white lie" or "little fib" for the trial court. Miesha did not tell defense counsel what truth meant.
Miesha demonstrated her understanding of the difference between truth and falsity by responding to the questions by the prosecutor about the colors of the flowers. Miesha also related an instance when she did not tell the truth at home. Although Miesha occasionally was unclear about definitions of some terms, overall, she adequately showed an understanding of the difference between telling the truth and a lie. Children are not expected to testify with the clarity and sophistication of adult witnesses.State v. Wood (July 13, 1993), Franklin App. No. 92AP-1474, unreported.
In addition to exhibiting an understanding of the importance of telling the truth, Miesha consistently stated the facts of the allegations against appellant. She also told the trial court about other factual events such as attending church with her grandmother.
The trial court did not abuse its discretion in determining that Miesha was competent to testify.
Appellant's first assignment of error is overruled.
 III.
Appellant's second assignment of error challenges the admission of part of the testimony of Miesha's mother, Alecia Hill. Appellant specifically objects on appeal to the following testimony about Miesha's behavior following July 3, 1997:
 Her attitude has changed. She is rebellious. She doesn't like — she used to be — if I told her to do something, she would do it. Now it's like she doesn't want to do things. She has nightmares at night, and she wakes up in the middle of the night crying and screaming for her mother, for me. And she sleeps — she stays up most of the night. She doesn't sleep at night unless I let her sleep with me.
(Tr. 135). Appellant did not object to the testimony at trial. In the absence of an objection, the admission of the testimony must be examined under the plain error doctrine. Crim.R. 52(B) provides that plain errors or defects which affect substantial rights may be grounds for reversal. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. Plain error exists only where it can be said that, but for the error, the outcome of the trial clearly would have been otherwise. State v. Moreland (1990),50 Ohio St.3d 58, 62.
A trial court has broad discretion in the admission of evidence. An appellate court will not interfere with the trial court's decision unless the trial court clearly abused its discretion and the defendant was materially prejudiced by the admission of the evidence. State v. Jenks (1991), 61 Ohio St.3d 259.
Appellant contends that Miesha's behavior after July 3, 1997, was prejudicially irrelevant to whether or not appellant was guilty. Appellant points out that no expert witness testified about whether the changes in Miesha's behavior were indicative of that exhibited by molestation victims.
There was ample evidence adduced at trial supporting appellant's conviction. Considering the evidence in question, there is no clear indication that the outcome of the trial would have been different if the testimony was not introduced. Appellant's second assignment of error lacks merit. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J. and KENNETH A. ROCCO, J. CONCUR.
 ____________________________ LEO M. SPELLACY JUDGE