JOURNAL ENTRY AND OPINION
Defendant-appellant Terrance Rusnak appeals from his convictions for two counts of rape (R.C. 2907.02) entered after a jury trial. We find no merit to the appeal and affirm.
Rusnak was indicted on three counts of kidnapping, with sexual motivation and sexually violent predator specifications attached, and three counts of rape of a child under the age of thirteen, with sexually violent predator specifications attached.
Rusnak moved to suppress a confession he made to North Olmsted police, but the trial court denied his motion after a hearing. Prior to trial, the State dismissed the kidnapping charges. The sexually violent predator specifications were bifurcated and the remaining rape charges proceeded to a jury trial where the following evidence was presented.
The victim's mother testified that she has three children. Rusnak is her father. She testified that Rusnak and her mother would watch the eldest of her children, a three-year-old boy, at least once a week. Sometimes the child stayed overnight, and several times he stayed for almost a week. In October 2000, the mother noticed that the child cried every time she left him with his grandparents. She also noticed unusual behavior on the part of Rusnak. On three or four occasions, she saw him request that the child lick the bottom of his boots. He also spanked the child and pulled his hair to punish him. When she told Rusnak to stop, he told her that it was a grandparent's privilege.
After an argument with her parents in December 2000, the mother decided she would no longer allow her children to visit at Rusnak's home because of his strange behavior toward her son. When she told Rusnak about this decision, he threatened to call Children and Family Services and in fact followed through with the threat. A social worker made an unannounced visit to the child's home and found Rusnak's claims of child abuse and neglect to be unsubstantiated.
The mother testified that in February 2001, she and her family were at her sister's house. While there, she, the child's father, and her sister, witnessed the child attempting to stick his penis in his baby brother's mouth. According to the mother, when she asked him who taught him that, the child stated "Papa," which is the name he uses for Rusnak. The child told her that "Papa stuck his pee-pee in his mouth" three times. The following day, the mother called North Olmsted police.
The boy's father and aunt corroborated the mother's testimony regarding Rusnak's requesting that the boy lick his boots, the boy's attempt to molest his baby brother, and his statement that his grandfather put his penis in his mouth three times.
Daline Lance, a social worker with the Department of Children and Family Services, testified that she made an unannounced visit to the child's home in response to Rusnak's call. During the visit, the mother told Lance about her concerns regarding her three-year-old son's behavior. He was rubbing his penis against furniture and acting out aggressively and did not want to be left with his grandfather. The mother also told her about Rusnak's methods of disciplining the child. Based on the conversation, Lance called the agency for a sexual abuse assessment and recommended that the mother call the child abuse hotline to express her concerns that the grandfather might be abusing the boy.
Detective Yost, a North Olmsted detective, testified that he investigated the complaint that Rusnak was abusing the child. The parents told him about behavior problems they were having with the child and the child's attempt to place his penis in his baby brother's mouth. They told Yost that they believed that Rusnak was responsible. The detective interviewed the child who told him that his grandfather had placed his "pee-pee" in his mouth three times. He then demonstrated by placing his finger in his mouth. The child also told Yost that Rusnak had pulled his "pee-pee."
The detective called the prosecutor's office, and Rusnak was arrested and brought to the station for questioning. Rusnak told the detective that the complaint was filed by his daughter out of retaliation for his calling Family Services.
After being read his Miranda rights, Rusnak was questioned by the detective. Rusnak admitted that he had given the child vodka and beer in the past, but denied pulling the child's hair. When the detective asked him if he could recall an incident where he placed his penis in the child's mouth, Rusnak responded, "No." However, when the detective asked if the child was lying, Rusnak responded that if the child had said it happened, it must have happened because he had no reason to lie. He then told the detective that he was 99% sure that it had happened. He recalled that he and the child had been sleeping on the couch and that when he awoke, the boy's mouth was on his penis. He also told the detective that he did not remember it happening three times, but that if the child had said it happened that many times, it must have. Rusnak told the detective that he needed help with his problem. The detective then compiled a written statement of this confession, which Rusnak signed.
Jacqueline Little testified that she is a social worker with the Department of Children and Family Services, specially trained to work on sexual abuse cases. She met with the child and his family at the North Olmsted police station after receiving a referral from the child abuse hotline. Little stated that the child told her that his "Papa" had put his "pee-pee" in his mouth. When Little asked him how many times, he responded, Three. The child demonstrated by placing his fingers in his mouth and sucking. The child also told her that his "Papa" had "pumped" him on his "pee-pee," hit him hard on his bottom, and pulled his hair. He was unable to tell her exactly when these acts occurred.
Based on Little's assessment, she determined that the child needed immediate psychiatric therapy, which according to the mother, he is now receiving once a week.
The jury found Rusnak guilty of the first two counts of rape and not guilty of the third. The trial court then conducted a separate hearing on the sexually violent predator specification. At the hearing, it was revealed that Rusnak had a 1984 conviction for molesting his stepson. The trial court found Rusnak to be a sexually violent predator and sentenced him to life imprisonment on both counts, to run concurrently.
Rusnak appeals and raises two assignments of error.
 I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION IN FINDING THAT THE REQUIREMENTS OF OHIO EVIDENCE RULE 807 WERE SUFFICIENTLY MET IN THIS CASE, THUS ALLOWING WHAT OTHERWISE WOULD HAVE TO BE EXCLUDED PURSUANT TO OHIO EVIDENCE RULE 802 (THE "HEARSAY RULE").
An Evid.R. 807 hearing was conducted to determine whether Detective Yost and social worker Jacqueline Little could testify to the statements the child made to them regarding Rusnak's abuse.
Evid.R. 807 recognizes a hearsay exception for the statements of children under the age of twelve relating to sexual abuse or physical violence and establishes four requirements for admission: (1) the statement must be trustworthy; (2) the child's testimony must be unavailable; (3) independent proof of the act must exist; and (4) the proponent must notify all other parties ten days before trial that such a statement will be offered in evidence.
In addition to the above requirements, the Supreme Court of Ohio has determined that a trial court must find that a declarant under the age of ten was competent pursuant to Evid.R. 601(A) at the time the statement was made in order to admit that statement under Evid.R. 807.State v. Said (1994), 71 Ohio St.3d 473, 476-477. A finding of incompetence mandates the exclusion of the out-of-court statements offered under Evid.R. 807. Akron v. Deem (1999), 135 Ohio App.3d 523,526; State v. Street (1997), 122 Ohio App.3d 79, 85. The determination of the competency of the child pursuant to Evid.R. 601(A) is a separate determination from the Evid.R. 807 determinations. State v. Said, supra
at 477; State v. Rogers (Dec. 9, 1993), Cuyahoga App. No. 63979, unreported.
In the instant case, the trial court failed to make a finding that the child was competent. As the Supreme Court in State v.Said, supra held:
 Competency under Evid.R. 601(A) contemplates several characteristics. See, State v. Frazier (1991), 61 Ohio St.3d 247, 251, 574 N.E.2d 483, 487, certiorari denied (1992), 503 U.S. 941, 112 S.Ct. 1488, 117 L.Ed.2d 629. Those characteristic can be broken down into three elements. First, the individual must have the ability to receive accurate impressions of fact. Second, the individual must be able to accurately recollect those impressions. Third, the individual must be able to relate those impressions truthfully. See, generally, 2 Wigmore on Evidence, (Chadbourn Rev. 1979) 712-713, Section 506.
Id. at 476.
The trial court made none of these determinations. In fact, the trial judge stated, "Quite frankly, I'm unable to determine competency. * * * I do not believe that I could get far enough to determine whether he was aware of the consequences of truth, because he was not responsive to the entire line of questioning." (TR. 595). If the trial judge was unable to determine if the child was competent to testify, we fail to see how she could have determined he was competent at the time he made his statements to the detective and social worker. Therefore, the statements could not be admitted pursuant to Evid.R. 807.
We find, however, that social worker Little could testify to what the child told her pursuant to Evid.R. 803(4). This rule allows into evidence, as an exception to the hearsay rule:
 statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.
This court has held that children's statements to social workers are admissible if the statements were made to the social workers in their role in treating or diagnosing the victim's mental or physical condition. State v. Chappell (1994), 71 Ohio App.3d 515, 531; State v.Jones (Dec. 23, 1999), Cuyahoga App. No. 75390, unreported.
Social worker Little testified that she interviewed the child for purposes of assessment. Based on her assessment, she recommended that he receive immediate therapy. Because the statement was made to Little during the process of assessment, the victim's statements were properly admitted. Therefore, the trial court's failure to comply with Evid.R. 807 was not prejudicial error because the statements were admissible pursuant to Evid.R. 803(4). State v. Black (May 19, 1994), Cuyahoga App. No. 65563, unreported.
We do find that Detective Yost should not have been permitted to testify as to the child's statements, because they were gained solely from his investigative interview with the child. This evidence, however, was not prejudicial because it was merely cumulative. Both the child's mother and father, as well as his aunt and the social worker, testified that the child told them that "Papa" had stuck his "pee-pee" in his mouth "three times."
Rusnak's first assignment of error is overruled.
II. THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE.
The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
See, also, State v. Apanovitch (1987), 33 Ohio St.3d 19,23; State v. Davis (1988), 49 Ohio App.3d 109, 113. Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
Along with the eyewitness testimony to the child's attempting to place his penis in his baby brother's mouth, and his statements that his "Papa" did this to him "three times," Rusnak signed a written confession in which he admitted abusing the child. He admitted having a vague recollection of the event and stated that if the child said it had happened three times, it must have happened, since the child had no reason to lie.
This evidence sufficiently supports Rusnak's rape convictions.
Rusnak's second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. and ANN DYKE, J. CONCUR