The STATE of Ohio, Appellant,

v.

WALLICK, Appellee.

[Cite as *State v. Wallick,* 153 Ohio App.3d 748, 2003-Ohio-4534.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2003AP020018.

Decided Aug. 20, 2003.

Robert R. Stephenson II, Tuscarawas County Assistant Prosecuting Attorney, for appellant.

Anthony Koukoutas, for appellee.

WILLIAM B. HOFFMAN, Presiding Judge.

{¶ 1} Plaintiff-appellant state of Ohio appeals from the February 21, 2003 judgment entry of the Tuscarawas County Court of Common Pleas, which granted defendant-appellee Wally T. Wallick's motion in limine.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On November 20, 2002, appellee, Wally T. Wallick, was indicted on two counts of gross sexual imposition. Appellee had been indicted previously on two counts of rape arising out of the same circumstances. The previous case was dismissed on December 5, 2002, after a second indictment was obtained charging appellee with two counts of rape and one count of gross sexual imposition.

{¶ 3} The indictments stemmed from alleged sexual conduct committed by appellee against G.V., who was four years old at the time of the alleged offenses. On April 29, 2002, G.V. allegedly related to her mother an account of improper touching by appellee, a neighbor. On May 1, 2002, G.V.'s mother took her to Akron Children's Hospital, where they spoke with Kerri Marshall, a social worker. Kerri Marshall's report was provided to appellee's counsel, who requested a hearing to determine G.V.'s competence to stand trial.

{¶ 4} On November 1, 2002, the trial court found G.V. not competent to testify as a witness pursuant to Evid.R. 601. On February 5, 2003, appellee filed a motion in limine seeking (1) to preclude all testimony of the alleged victim's mother relating to the disclosure of the offense by the victim, and (2) to preclude all testimony from medical authorities. Essentially, the motion sought to preclude all testimony of G.V.'s mother as to G.V.'s excited utterances under Evid.R. 803(2) and G.V.'s statements made for medical diagnosis pursuant to Evid.R. 803(4).

{¶ 5} On February 21, 2003, the trial court granted appellee's motion in limine to preclude the testimony. On February 28, 2003, appellant timely filed a Crim.R. 12(K) certification and notice of appeal, assigning the following error for our review:

{¶ 6} "I. The trial court erred as a matter of law, in holding where an alleged child victim has been declared to be incompetent to testify as a witness under Evid.R. 601, the child's statements cannot be admitted as 'excited utterances' pursuant to Evid.R. 803(2). or as statements for purposes of medical diagnosis or treatment pursuant to Evid.R. 803(4)."

I

{¶ 7} In the assignment of error raised, appellant maintains that the trial court abused its discretion in precluding the testimony of G.V.'s mother relative to G.V.'s disclosure of the events, and in precluding the testimony of medical authorities. We find that the statements were properly excluded; therefore, the trial court did not abuse its discretion.

{¶ 8} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. Therefore, we will not disturb a trial court's evidentiary ruling unless we find that ruling to be an abuse of discretion, i.e., unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.

{¶ 9} Initially, we note that appellant does not challenge the trial court's determination of G.V.'s incompetence to testify at trial; therefore, this court will not review the trial court's finding as to competency.

{¶ 10} The trial court declared G.V. incompetent to testify pursuant to Evid.R. 601, which provides:

{¶ 11} "Every person is competent to be a witness except:

{¶ 12} "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

{¶ 13} Evid.R. 601(A) contemplates several characteristics. In *State v. Said* (1994), 71 Ohio St.3d 473, 644 N.E.2d 337, the Supreme Court of Ohio broke these characteristics into three elements. First, the individual must have the ability to receive accurate impressions of fact. Second, the individual must be able to accurately recollect those impressions. Third, the individual must be able to relate those impressions truthfully. Id.

{¶ 14} The *Said* court addressed the relationship between Evid.R. 601 incompetence to testify at trial and out-of-court statements qualifying as hearsay

exceptions, which possess a "circumstantial probability of trustworthiness." Id. In *Said*, the Ohio Supreme Court stated:

{¶ 15} "In other words, under unique circumstances we make a qualified assumption that the declarant *related* what she believed to be true at the time she made the statement. However, those same circumstances do not allow us to assume that the declarant accurately *received* and *recollected* the information contained in the statement. Whether she accurately received and recollected that information depends upon a different set of circumstances, those covering the time from when she received the information to when she related it. As a result, even though a statement falls within a hearsay exception, two elements of the declarant's competency remain at issue and must still be established. Thus, a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evidence Rule 807."

{¶ 16} This court held in *State v. Ungerer* (June 5, 1996), Ashland App. No. 95COA1125, 1996 WL 362804, where the trial court has found that the child's statements "do not possess the requisite degree of trustworthiness, or where it finds [that] the child simply is not competent to receive, process, and repeat information about events, the court should exclude evidence of the statements." Thus, prior to addressing the issue of whether the child's statements were reliable because they were made for purpose of a medical examination or because they were excited utterances, the trial court must first determine whether the child was able to accurately receive the information and remember it. Id.

{¶ 17} We follow our decision in *Ungerer*. We note that Evid.R. 803 applies regardless of whether the declarant is available as a witness. The underlying premise for the exceptions is that they present sufficient indicia of enough trustworthiness and reliability to allow their admission despite the fact that they constitute hearsay. If the declarant cannot receive just impressions of the facts and transactions and also cannot relate them truly, the underlying premise for the exceptions cannot be met. Because the trial court found the child victim incapable of receiving just impressions of the fact and transactions, the trustworthiness premise underlying Evid.R. 803 cannot be met, and the statements cannot be offered into evidence. We cannot assume that G.V. perceived the information or recalled it accurately; therefore, the statements fail at the threshold level, before Evid.R. 803 is invoked. *See Ungerer*, supra.

{¶ 18} Accordingly, we find that where an alleged child victim is declared incompetent to testify at trial because she is found incapable of receiving just impressions of fact and transactions about which she was examined and of relating those impressions truly, the trial court does not error, let alone abuse its

discretion, by excluding the alleged victim's statements pursuant to Evid.R. 803(2) and (4).

{¶ 19} Appellant's assignment of error is overruled.

{¶ 20} The February 20, 2003 judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.

Judgment affirmed.

WISE and BOGGINS, JJ., concur.