OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from a Harrison County Common Pleas Court judgment ruling that a child witness was not competent to testify concerning allegations set out in an indictment against defendant-appellee, Dana Forrest Greenlee.
 {¶ 2} On July 12, 2004, a Harrison County grand jury indicted appellee on one count of gross sexual imposition, a third degree felony in violation of R.C. 2907.05(A)(4). The indictment alleged that appellee had sexual contact with a female juvenile. The alleged victim is five years old.
 {¶ 3} Appellee subsequently filed a motion in limine and motion to dismiss. He argued that the child was incompetent to testify. He requested that the court interview the child to determine whether she would be a competent witness.
 {¶ 4} The court conducted an in-chamber interview of the child. It noted that before interviewing the child, it reviewed a videotape of an interview with her conducted by the Harrison County Department of Job and Family Services (HCDJFS). It then made the following relevant findings:
 {¶ 5} (1) The child's responses to questions concerning who "hurt" her were completely different than the statements she gave to HCDJFS.
 {¶ 6} (2) At the time of the interview, the child understood the concept of truth and falsity.
 {¶ 7} (3) The child possessed the ability to receive accurate impressions of fact and observations.
 {¶ 8} (4) The child was able to recollect her impressions or observations about matters that have occurred within the scope of her memory. She remembered her birthday party from the past March. She did not remember Easter 2004. She had difficulty quantifying the passage of time.
 {¶ 9} (5) The child has no independent recollection and/or lacks the ability to relate information concerning any incident where someone "hurt" her, the extent of such injuries, and the identity of the person who caused the injury.
 {¶ 10} (6) The child is competent to testify about matters that have occurred within the scope of her memory. But she is not competent to testify concerning the allegations set out in the indictment.
 {¶ 11} Thus, the court held that the child was not competent to testify concerning the conduct alleged in the indictment.
 {¶ 12} Appellant filed a timely notice of appeal from this order on March 7, 2005.
 {¶ 13} Appellant raises one assignment of error, which states:
 {¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE ALLEGED CHILD VICTIM INVOLVED IN THIS MATTER WAS COMPETENT BUT CANNOT TESTIFY AS TO THE FACTS ALLEGED IN THE INDICTMENT EXCEEDING THE REQUIREMENTS SET FORTH IN STATE V. FRAZIER."
 {¶ 15} Appellant argues that the trial court abused its discretion in ruling that the child was incompetent to testify about matters alleged in the indictment when it first found that she met the criteria set out in State v. Frazier (1991),61 Ohio St.3d 247, 574 N.E.2d 483. It alleges that the court's ruling effectively found the child meets the Frazier competency standard yet is incompetent to testify. Appellant asserts that the court based its decision on the fact that the child's statements during the court's interview differed from those she made during the HCDJFS interview. Appellant argues that these inconsistent statements should go to the child's credibility, not her competence to testify.
 {¶ 16} We review a trial court's determination of whether a child is competent to testify for abuse of discretion. Frazier,61 Ohio St.3d at 251. This is because the court has the opportunity to observe the child's appearance, manner of responding to questions, demeanor, and any indicia of ability to relate facts accurately and truthfully. Id. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331.
 {¶ 17} Evid.R. 601(A) provides that "[e]very person is competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Thus, the trial court must make a determination of whether a child under ten is competent to testify. When making this determination the court must consider:
 {¶ 18} "(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." Frazier, 61 Ohio St.3d at 251.
 {¶ 19} Commenting on the Frazier considerations, the Ohio Supreme Court later stated:
 {¶ 20} "Those characteristics can be broken down into three elements. First, the individual must have the ability to receive accurate impressions of fact. Second, the individual must be able to accurately recollect those impressions. Third, the individual must be able to relate those impressions truthfully." State v.Said (1994), 71 Ohio St.3d 473, 476, 644 N.E.2d 337.
 {¶ 21} Thus, we must apply Frazier to determine whether the trial court abused its discretion in finding the child incompetent to testify. Examining the child's statements to the court in light of the Frazier considerations reveals the following.
 {¶ 22} The trial court found that at the time of the interview, the child possessed the ability to receive accurate impressions of fact and observations and recollect them. These findings are supported by the evidence.
 {¶ 23} For instance, the child stated that she was in kindergarten but did not go to school every day. She knew she went to elementary school but did not know the name of the school. She knew her teacher's name and also named several of her classmates. She stated that she is learning her colors and the days of the week, which she recited to the court. The child was also able to tell the court that she lived with her mother, sister, and brother, who she named. She told the court when her birthday was. Additionally, she knew both her mother's and her grandma's phone numbers. When asked by the court whether she remembered her last birthday party, she responded "yeah." She told the court about her party and her gifts.
 {¶ 24} These answers all support the court's finding that the child was able to receive and recollect facts and observations. She was able to recollect and tell the court about her family, her school, and past events.
 {¶ 25} The court also determined that, at the time of the interview, the child understood the concept of truth and falsity. Again, the child's answers support this finding.
 {¶ 26} The child stated that telling the truth meant that you do not lie. She agreed with the court that telling the truth was telling what really happened and making up a story about what happened is a lie. The court showed the child a four-leaf clover and asked her if he told her that it had five leaves, would that be true. She stated that it would be a lie. And the court asked the child questions to determine if she understood her responsibility to be truthful. The child stated that lies are bad and truths are good. When asked what happened to people who lie, the child stated that they get in big trouble. The court asked the child whether she had told him the truth during the interview and she stated "yes."
 {¶ 27} The above items tend to suggest that the child was competent to testify. The problem arises, however, with the answers the child provided to the court regarding questions about "pap pap" (appellee) and whether anyone coached her in what to tell the court. The court found that, at this point in time, the child has no independent recollection and/or lacks the ability to relate information concerning the alleged abuse.
 {¶ 28} As noted above, prior to interviewing the child, the court reviewed a videotape of her interview with HCDJFS. It found that the child's responses to it about the alleged abuse were completely different than those she gave to the HCDJFS case worker.
 {¶ 29} The court asked the child whether anyone talked to her about coming to court. She stated that her mother talked to her: "This is what she said, I saw papap twice and that time told me to say papap hurted me." Then she told the court that the guy next door hurt her. She stated that her mother told her some more, but she could not remember what she said. Later, she told the court that her mother, grandmother, and one other person told her what to tell the court. And she again repeated what her mother told her, which was "I only saw papap twice and that guy next door hurted me. That guy next told me that say that papap hurted and I forgot the rest."
 {¶ 30} Additionally, whenever the court brought up the subject of "pap pap," the child was less responsive and changed the subject. Furthermore, when the court asked the child about someone hurting her, she stated that it was "that guy next door." Several times the court pressed her about whether she remembered being hurt, but the child was either unresponsive or said she did not know. She stated that she did not remember being hurt, talking to anybody about being hurt, or where she was hurt.
 {¶ 31} Given these statements by the child, we cannot conclude that the trial court abused its discretion in finding her incompetent to testify. These statements demonstrated to the trial court that the child was unable to recollect and relate her impressions of any abuse she suffered. Frazier requires the court to take this into consideration when making a competency determination. The trial judge is in the best position to determine who is able to testify and we must afford it considerable discretion on such matters. State v. Uhler (1992),80 Ohio App.3d 113, 118, 608 N.E.2d 1091, citing State v.Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph one of the syllabus. As one court observed, "[i]t is very difficult to ascertain the way * * * [the child] was responding via a written transcript. The demeanor and attitude of the child can only be judged by the individuals who were present." State v.Snell, 5th Dist. Nos. 2002CA00181, 2002CA00190, 2003-Ohio-975, at ¶ 63. In this case, we must defer to the trial court's finding of incompetence. Thus, appellant's assignment of error is without merit.
 {¶ 32} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.