DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Markus D. Fortune, appeals the August 4, 2004 judgment of the Lucas County Court of Common Pleas which, following a jury trial, sentenced him to life in prison for rape and three years in prison for gross sexual imposition. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} On December 4, 2003, appellant was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), and two counts of gross sexual imposition, in violation of R.C.2907.05(A)(4). The charges involve two minor children, Alexis and Markus, who were both under the age of ten at the time of the September 19, 2003 alleged incidents. On June 28, 2004, prior to jury selection, a competency hearing was held for the children. The trial court determined that the children were competent to testify but indicated that during trial, particularly during the preliminary questioning, the court would be willing to reconsider the competency of nine year-old Markus. The children both testified at trial. Appellant was found guilty of the crimes involving Alexis and not guilty of the crime involving Markus. Following appellant's conviction and sentencing he commenced the instant appeal.
 {¶ 3} Appellant raises the following two assignments of error:
 {¶ 4} "Assignment of Error No. 1: Pursuant to State v.
[Street] a child consistently responding `I don't know' to relevant questions is incompetent. State v. Frazier provides that a child unable to recollect impressions, to understand truth or to appreciate his own responsibility to be truthful is incompetent. Finding that appellant's son was competent was thus an abuse of discretion because Markus replied `I don't know' to relevant questions, stated that he did not know what the truth was, did not accurately recollect presents received at the time of the alleged incident, and viewed his mother's word as `truth'.
 {¶ 5} "Assignment of Error No. 2: State v. Wilson held that a trial court must voir dire a child, outside the presence of the jury, to determine the child's competency to testify at trial. The trial court herein abused its discretion by holding a competency hearing and making a finding of competency, yet stating that it would reconsider that finding during the jury trial."
 {¶ 6} In appellant's first assignment of error, he contends that because Markus responded "I don't know" to certain relevant questions asked during the competency hearing, the trial court abused its discretion in finding that he was competent to testify at trial. We note that the determination of whether a child is competent to testify rests within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. State v. Clark (1994), 71 Ohio St.3d 466, 469. An "abuse of discretion" is more than an error of law or of judgment, the term connotes that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 7} Evid.R. 601 provides: "Every person it competent to be a witness except: (A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." The Supreme Court of Ohio has determined that a trial court must hold a competency hearing before admitting the testimony of a child under ten years of age. State v. Said (1994), 71 Ohio St.3d 473, 476.
 {¶ 8} Pursuant to State v. Frazier (1991),61 Ohio St.3d 247, syllabus:
 {¶ 9} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful."
 {¶ 10} Appellant first contends that at the competency hearing Markus was not able to communicate what he had seen, the third Frazier factor. Specifically, appellant cites to the questioning of Markus regarding the gifts his sister had received at her last birthday, approximately two months prior. The relevant testimony proceeded as follows:
 {¶ 11} "Q: Do you remember any of th[e] stuff that your sister got for her birthday? What does she still like to play with from her birthday?
 {¶ 12} "A: Skates. She didn't get none.
 {¶ 13} "Q: Did she want some?
 {¶ 14} "A: She got a radio for her birthday.
 {¶ 15} "Q: Do you listen to that radio too?
 {¶ 16} "A: No.
 {¶ 17} "Q: She doesn't let you?
 {¶ 18} "A: Yes, sometimes she do."
 {¶ 19} Appellant contends that the above answers are "inconsistent and illogical." We agree that his answers were not straightforward; however, we do not believe that they were illogical. When further questioned regarding gifts he had received last Christmas, six months prior, Markus stated that he received a book and several toys which he did not have anymore because they were left at his aunt's house.
 {¶ 20} Appellant further contends that under the fourthFrazier factor, Markus did not comprehend what the truth meant. However, Markus testified as follows:
 {¶ 21} "Q: * * *. If you told someone something that didn't really happen would that be the truth or a lie?
 {¶ 22} "A: A lie.
 {¶ 23} "Q: Okay. And is it a good thing or a bad thing to tell a lie?
 {¶ 24} "A: Bad."
 {¶ 25} Upon further questioning, Markus also testified:
 {¶ 26} "Q: * * *. If Lori said she was wearing a purple shirt and purple skirt would that be the truth or a lie?
 {¶ 27} "A: A lie.
 {¶ 28} "Q: What color is that?
 {¶ 29} "A: Gray.
 {¶ 30} "Q: Okay. So would it be good if I had a purple suit on? Would it be good or bad to tell a lie?
 {¶ 31} "A: Bad."
 {¶ 32} Regarding the fifth Frazier factor, appreciation of his responsibility to tell the truth, Markus testified:
 {¶ 33} "Q: What would happen if you told a lie at home?
 {¶ 34} "A: You get in trouble.
 {¶ 35} "Q: What kind of trouble would you get into?
 {¶ 36} "A: A butt whooping.
 {¶ 37} "Q: You know not to tell any lies. What do you think would happen if you did not tell the truth in the Court?
 {¶ 38} "A: Get a whooping.
 {¶ 39} "Q: Do you think the Court would give you a whooping?
 {¶ 40} "A: No.
 {¶ 41} "Q: What do you think would happen if you told a lie in court?
 {¶ 42} "A: You would get in trouble."
 {¶ 43} Unlike State v. Street (1997), 122 Ohio App.3d 79, a case relied upon by appellant, Markus did not respond "I don't know" to questions regarding the consequences of telling a lie; Markus knew that he would get in trouble. Markus was also able to discern the difference between a truth and a lie. Accordingly, after careful review of the competency hearing transcript, we find that the trial court did not abuse its discretion when it determined that Markus was competent to testify. Appellant's first assignment of error is not well-taken.
 {¶ 44} In appellant's second assignment of error he contends that the trial court erred by stating that, if necessary, the court would reconsider Markus' competency at trial. Appellant argues that pursuant to State v. Wilson (1952),156 Ohio St. 525, the court was required to make a "firm decision" regarding Markus' competency prior to trial.
 {¶ 45} Initially, we disagree with appellant's characterization of the trial court's competency determination. The court did, in fact, find that Markus was competent to testify. At the conclusion of the hearing the court stated:
 {¶ 46} "I'm going to find that he is competent to testify but I guess during the course of the trial, especially, during preliminary questions before asking him to testify as to the merits of the charges in the indictment I'll listen carefully and depending on his responses, I may reconsider that."
 {¶ 47} During the trial in the matter, the court neither made a subsequent finding that Markus was incompetent nor did defense counsel request such a finding.
 {¶ 48} In Kentucky v. Stincer (1987), 482 U.S. 730,107 S.Ct. 2658, 96 L.Ed.2d 631, the Supreme Court of the United States stated that "although the preliminary determination of a witness' competency to testify is made at this hearing, the determination of competency is an ongoing one for the judge to make based on the witness' actual testimony at trial." Id. at 740. Further, an appellate court reviewing a judge's competency determination will often look to the full testimony at trial. Id. at 743. See State v. Nasser, 10th Dist. No. 02AP-1112,2003-Ohio-5947.
 {¶ 49} Based on the foregoing, and after review of Markus' trial testimony, we find that the trial court did not err by asserting its continuing duty to assess the competency of witnesses. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 50} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Pietrykowski, J., Concur.