Moyer, C.J.,
dissenting.
{¶ 35} I concur in Justice Lanzinger’s dissent, which argues that the judgment of the court of appeals should be affirmed. But I do not agree with the dissent’s rejection of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. First, I am not prepared to abandon application of the Galatis test in criminal cases. The ability to rely on a stable legal framework is, if anything, more important in criminal matters where an individual’s liberty may be at stake. Second, I do not agree with the majority that we should abandon the Galatis test in these circumstances. The majority argues that stare decisis plays a “reduced role” here because the issue before us involves a rule of evidence rather than a substantive rule of law and there are no reliance interests at stake. Majority opinion at ¶ 33. The majority goes on, however, to reduce to zero the role of our precedent, offering little more than disagreement with our prior reasoning for why State v. Said (1994), 71 Ohio St.3d 473, 644 N.E.2d 337, should be limited or abandoned. The majority relies on United States Supreme Court opinions for the contention that stare decisis is less important in procedural matters. See, e.g., Pearson v. Callahan (2009), — U.S.-, 129 S.Ct. 808, 172 L.Ed.2d 565. This approach is certainly not binding on us, and I refrain from either adopting or rejecting it at this point.
{¶ 36} I would note, however, that the majority overstates the arguments from the United States Supreme Court cases. Beyond contending that reliance interests are not implicated by procedural rules, the court in Pearson also noted abundant criticism of the precedent at issue as well as its inconsistent application by the lower courts. Id. at-, 129 S.Ct. at 816-818, 172 L.Ed.2d 565. The court in Payne v. Tennessee (1991), 501 U.S. 808, 828-830, 111 S.Ct. 2597, 115 L.Ed.2d 720, similarly overruled two cases after acknowledging that several justices had questioned the precedent and that it had “defied consistent application by the lower courts.” The opinion in Hohn v. United States (1998), 524 U.S. 236, 252, 118 S.Ct. 1969, 141 L.Ed.2d 242, pointed to inconsistent application of the precedent at issue within United States Supreme Court cases themselves. The majority additionally cites United States v. Gaudin (1995), 515 U.S. 506, 521, 115 S.Ct. 2310, 132 L.Ed.2d 444, which does not specifically rely on the inconsistent application of a prior rule to overturn precedent but does emphasize that the precedent relied on an interpretation of the United States Constitution that had since been eroded by subsequent decisions.
*590 {¶ 37} Although these cases from the United States Supreme Court do not directly adopt a multipart framework for overruling precedent, they consistently rely on essentially the same factors that we outlined in Galatis. Galatis held that “[a] prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decision defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it.” Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at paragraph one of the syllabus. In Pearson, for example, the United States Supreme Court correspondingly relied on arguments that the prior cases were to at least some extent wrongly decided, that the precedent had been inconsistently applied, and that reliance interests were lessened because the case involved a procedural rule. Pearson, — U.S. at-, 129 S.Ct. at 816-821, 172 L.Ed.2d 565.
{¶ 38} The majority misconstrues the United States Supreme Court opinions, ignoring the factors, other than reliance interests, that were considered by the court before it overruled a prior decision. A thorough examination of the cases cited by the majority actually confirms the prudence of our test in Galatis. Because I believe Said was rightly decided and should be followed here, I find it unnecessary to apply Galatis. But even if one disagrees, as the majority does, our well-established test for overturning precedent should be fully applied. The majority’s opinion actually indirectly applies the first and third steps of the Galatis test, though it comes to the wrong conclusion, in discussing the purported problems with Said and the lack of reliance interests at stake. It nevertheless neglects to apply the second step and concludes that Galatis is inapplicable based only on the third step. For these reasons, as well as those offered by Justice Lanzinger, I dissent.