The CITY OF AKRON, Appellant,

v.

DEEM, Appellee.

[Cite as *Akron v. Deem* (1999), 135 Ohio App.3d 523.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19546.

Decided Nov. 10, 1999.

*Max Rothal,* Director of Law, *Douglas J. Powley,* Chief City Prosecutor, and *Gerald K. Larson,* Assistant City Prosecutor, for appellant.

*Gary McCleese,* for appellee.

SLABY, Judge.

Appellant, the city of Akron, appeals an order of the Akron Municipal Court that excluded testimony of a minor based on the conclusion that the minor was incompetent to testify. We affirm.

The appellee, Harold A. Deem II, was charged with endangering children after a social worker reported injuries to the appellee's four-year-old son Anthony (Tony) to the police. On January 7, 1999, the appellee moved *in limine* to exclude all testimony and statements by the victim. The trial court conducted a hearing on January 12, 1999, to determine Tony's competency as a witness. Tony refused to answer the court's questions at the hearing, and the court ruled that he was not competent to testify. On February 9, 1999, the city moved the trial court to reconsider its oral ruling and served notice pursuant to Evid.R. 807(A)(4) of its intention to present testimony with respect to out-of-court statements made by Tony. A second hearing was conducted to determine whether Tony was unavailable as a witness within the meaning of Evid.R. 807. On February 24, 1999, the trial court concluded that the city had not demonstrated the trustworthiness of the statements at issue and that Anthony was not competent to testify at the time the statements were made. The trial court, therefore, denied the city's motion for reconsideration and excluded the hearsay statements proffered by the city. The city timely appealed, pursuant to Crim.R. 12(J) and R.C. 2945.67(A), and has raised two assignments of error for review.

## ASSIGNMENT OF ERROR I

"The trial court erred in finding that the child/declarant was incompetent."

The city has argued in its first assignment of error that the trial court abused its discretion in concluding that Anthony was incompetent to testify within the meaning of Evid.R. 601(A).

Children under ten years of age "who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly," are exceptions to the general rule that every person is considered competent to testify as a witness in Ohio. Evid.R. 601(A). The court must conduct a voir dire examination of a child under ten years of age in order to determine whether the child is competent to testify. *State v. Frazier* (1991), 61 Ohio St.3d 247, 250–51, 574 N.E.2d 483, 486–487. In making this determination, the court must consider:

"(1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *Id.* at syllabus.

Because the trial court is in a superior position to observe the child's appearance, demeanor, manner of response, and ability to testify accurately and truthfully, its determination will not be reversed absent an abuse of discretion. *State v. McNeill* (1998), 83 Ohio St.3d 438, 442, 700 N.E.2d 596, 603,.

In this case, the trial court attempted to assess Tony's competency, but abandoned questioning when he proved unresponsive. Under these circumstances, we cannot say that the court's decision was tainted by passion, bias, or perversity of will. See *State v. Aldridge* (1997), 120 Ohio App.3d 122, 140, 697 N.E.2d 228, 239–240. The determination that Anthony was not competent to testify, therefore, does not reflect an abuse of discretion. The city's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"The trial court, based on its finding of incompetency, erred by prohibiting the [city] to admit into evidence out-of-court statements made by a child, which complied with the requirements under Evid.R. 807."

After the trial court ruled that Tony was incompetent to testify, the city gave notice of its intention to call Sergeant Jerry William Hughes to testify with respect to statements made by Tony identifying the appellee as his assailant.

The city has argued that the trial court erred by excluding this testimony based on its previous finding that Tony was incompetent as a witness.

Although hearsay statements are generally inadmissible, see Evid.R. 802, an out-of-court statement by a child-declarant under twelve years of age describing any act of physical violence directed toward the declarant may be admitted pursuant to Evid.R. 807. The prosecution must provide notice of the intent to use the out-of-court statement and must establish (1) that the totality of the circumstances indicates "that the child was particularly likely to be telling the truth when the statement was made and that the test of cross-examination would add little to the reliability of the statement"; (2) that in-court testimony by the child cannot be reasonably obtained; and (3) that there is independent proof of the allegations of violence. Evid.R. 807(A). In addition, the Supreme Court of Ohio has concluded:

"Out-of-court statements that fall within Evid.R. 807, like the other hearsay exceptions, possess a 'circumstantial probability of trustworthiness.' * * * In other words, under unique circumstances we make a qualified assumption that the declarant related what she believed to be true at the time she made the statement. However, those same circumstances do not allow us to assume that the declarant accurately received and recollected the information contained in the statement. Whether she accurately received and recollected that information depends upon a different set of circumstances, those covering the time from when she received the information to when she related it. As a result, even though a statement falls within a hearsay exception, two elements of the declarant's competency remain at issue and must still be established. Thus, a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evid.R. 807." (Emphasis and footnote deleted.) *State v. Said* (1994), 71 Ohio St.3d 473, 476–477, 644 N.E.2d 337, 340–341.

Accordingly, a finding of incompetence mandates the exclusion of out-of-court statements offered under Evid.R. 807. *State v. Street* (1997), 122 Ohio App.3d 79, 85, 701 N.E.2d 50, 53.

In *Street*, this court concluded that hearsay testimony with respect to statements made by a four-year-old victim was properly excluded notwithstanding Evid.R. 807 because the trial court had previously concluded that the child was incompetent to testify. *State v. Street*, 122 Ohio App.3d at 85, 701 N.E.2d at 53–54. Although the trial court in that case did not specify whether its finding of incompetence pertained to the child's condition at the time of the hearing or when the statements were originally made, on appeal, we noted that the finding was directly related to the child's young age and concluded that it was "unreasonable to presume that [the child] might have been more competent at an earlier age,

such as when the statements in question were made." (Emphasis deleted.) *Id.* at 85, 701 N.E.2d at 53.

Similarly, the trial court in this case concluded that Tony was incompetent to testify based on his age and, therefore, "that [he] would not have been competent at the time that the statements were made." As noted above, the court did not abuse its discretion in ruling that Tony was incompetent. This conclusion mandated the exclusion of Sergeant Hughes' testimony. See *State v. Street*, 122 Ohio App.3d at 85, 701 N.E.2d at 53. The city's second assignment of error is overruled.

The city's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J.; and BATCHELDER, J., concur.