JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Scott Murrin appeals from his thirteen-year prison sentence for two counts of aggravated robbery, two counts of aggravated burglary, two counts of kidnapping, disrupting public service, and a three year gun specification. For the reasons that follow, we affirm and remand to the trial court for further proceedings consistent with this opinion.
 {¶ 2} The facts are not in dispute. Defendant pled guilty to the charges outlined above that relate to his armed robbery of an elderly couple in their home. Defendant asserts three errors that all challenge the sentence he received from the trial court.
 {¶ 3} "I. The trial court erred in imposing the maximum term of incarceration for each count without offering the necessary findings and reasons for its findings."
 {¶ 4} The overriding purpose of felony sentencing as set forth in R.C. 2929.11(A) is to protect the public from future crime and to punish the offender. R.C. 2929.11(B)requires the trial court to fashion a sentence that is "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." The trial court must consider the factors found in R.C. 2929.12(B) and (C) to determine how to accomplish the purposes embraced in R.C.2929.11. State v. Comer, 99 Ohio St.3d 463, 466,2003-Ohio-4165.
 {¶ 5} R.C. 2929.14(C) provides that a court may impose maximum sentences only upon: (1) the offenders who have committed the worst form of the offense; (2) the offenders who pose the greatest likelihood of recidivism; (3) certain major drug offenders; and (4) certain repeat violent offenders. The court must make these findings on the record at sentencing. Comer,
supra.
 {¶ 6} R.C. 2929.19(B)(2)(d) requires that the trial court place its reasons for imposing the maximum sentence on the record. The requirement that a court give its reasons for selecting a sentence is separate and distinct from the duty to make the findings. State v. Comer, 99 Ohio St.3d 463, 467,2003-Ohio-4165.
 {¶ 7} The record adequately shows that the trial court complied with the above-quoted law when it imposed the maximum sentences. The trial court found that defendant committed one of the worst forms of the offense for the reason that he entered the home of an elderly couple and held them at gunpoint. The trial court considered information provided by the Probation Department and the Court Psychiatric Clinic. The trial court considered defendant's "significant intellectual dysfunction"; his "significant history of juvenile adjudication"; and "the truly heinous nature" of the crime. (Tr. 21).
 {¶ 8} We find that the trial court complied with Ohio's statutory mandates for imposing a maximum sentence.
 {¶ 9} "II. The trial court's deviation from a minimum term of incarceration and the imposition of the maximum term of incarceration are not supported by the record."
 {¶ 10} R.C. 2929.14(B) provides as follows:
 {¶ 11} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: {¶ 12}
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 13} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 14} "When imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 15} The trial court need not give its reasons for imposing more than the minimum authorized sentence; however, it must be clear from the record that the trial court engaged in this analysis and that it varied from the minimum for at least one of the two sanctioned reasons. State v. Edmonson (1999),86 Ohio St.3d 324; State v. Smith, Cuyahoga App. No. 82423, 2003-Ohio-4072. It is not necessary for the trial court to use the exact language of R.C. 2929.14(B), as long as it is clear from the record that the trial court made the required findings. See State v. Williams, Cuyahoga App. No. 79273, 2002-Ohio-503.
 {¶ 16} The trial court found that to impose the minimum sentence would "clearly demean the great harm that was caused." This finding, within the context of the trial court's other comments and considerations, sufficiently comports with the Ohio's statutory law to justify its decision not to impose the minimum sentence.
 {¶ 17} "III. The trial court failed to make a finding that the defendant's sentence is consistent with similarly situated offenders."
 {¶ 18} Defendant contends that the trial court failed to ensure that his sentence is consistent with sentences imposed for similar crimes committed by similar offenders. The goal of felony sentencing is to achieve "consistency" not "uniformity." SeeState v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188, P10.
 {¶ 19} It is axiomatic that every case and each defendant is unique. For this reason, it is impossible to make any meaningful comparison of consistency from select appellate case law. That type of non-exhaustive comparison is not statistically reliable or fairly representative of the broad spectrum of defendants who have been sentenced throughout Ohio for similar offenses, which would include those who have not appealed their sentences. Instead, consistency is achieved by weighing the sentencing factors. Id. As such, the concept of consistency allows for divergent sentences for the same statutory offense due to the particular factual situations and offender characteristics. Id.
 {¶ 20} The record indicates that the trial court considered the statutory factors and weighed those factors. In particular, the court noted defendant's criminal history. The court also noted the heinous nature of the offenses and the harm caused to the elderly couple that defendant held at gunpoint.
 {¶ 21} There is nothing in this record that would indicate that the court-imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses. Defendant pled guilty to two counts of aggravated burglary with a three-year gun specification, two counts of kidnapping with a three-year gun specification, two counts of aggravated robbery with a three-year gun specification, and disrupting public service. While the court imposed 10 year sentences on counts 1, 2, 3, 4, 6, and 7, consecutive to a three-year mandatory term for the gun specifications, and imposed 1 1/2 years on count 5, the trial court ran the sentences concurrent where possible for an aggregate term of 13 years.
 {¶ 22} Lastly, the fact that the co-defendant received a lesser term is not dispositive of this issue. The co-defendant was convicted of only two offenses. We do not have a record or any evidence concerning how the trial court determined the co-defendant's sentence. Therefore, we presume that she had different characteristics that resulted in a lesser sentence for her under the statutory factors.
 {¶ 23} Assignment of Error III is overruled. {¶ 24}
Although we find the trial court adhered to Ohio's statutory sentencing scheme, we sustain the first and second assignments of error in part. Defendant has challenged his sentence as being contrary to law and specifically maintains that the trial court erred by making certain findings that allowed for the imposition of the maximum sentence and/or more than the minimum prison sentence, therefore it would be remiss to not address the potential impact of the United States Supreme Court's recent decision in Blakely v. Washington (2004), 542 U.S.,124 S.Ct. 2531. In Blakely, the U.S. Supreme Court held that:
 {¶ 25} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 26} In this case, the court could only impose the sentence it did by making judicial factual findings on the record that were neither determined by a jury nor stipulated to by the defendant. See R.C. 2929.14(B) and (C). Defendant did not stipulate to the findings or otherwise waive his constitutional right to have these facts determined by a jury.
 {¶ 27} As set above, the trial court properly imposed defendant's sentence in accordance with Ohio's sentencing law. Nonetheless, we remand the matter to allow the parties the opportunity to brief the constitutionality of defendant's sentence, specifically whether its imposition under the circumstances violated his Sixth Amendment Right to trial by jury, and to afford the trial court the opportunity to address it in the wake of the United States Supreme Court's decision inBlakely.
 {¶ 28} Judgment affirmed; case remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellee shall each pay their respective costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., concurs. Gallagher, J., dissents. (Seedissenting opinion attached.)
 DISSENTING OPINION