JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Demetrius Rose ("defendant") appeals from the five-year prison sentence imposed by the trial court following his guilty plea and conviction for attempted possession of drugs, a felony of the second degree. For the reasons that follow, we affirm. On October 28, 1998, defendant was indicted on one count of possession of drugs, in violation of R.C. 2925.11; one count of preparation of drugs for sale, in violation of R.C. 2925.07; and one count of possession of criminal tools, in violation of R.C. 2923.24. On February 24, 1999, defendant pleaded guilty to an amended first count of the indictment, attempted possession of drugs, and the remaining charges and specifications against him were nolled and dismissed. On March 23, 1999, the court sentenced defendant to five years in prison.
 {¶ 2} It is from this decision that defendant now appeals and raises one assignment of error for our review.
 {¶ 3} "I. The trial court erred when it sentenced the appellant to a five-year prison term."
 {¶ 4} In his sole assignment of error, defendant claims that the record does not clearly and convincingly support the imposition of a five-year sentence as contemplated by the Ohio Supreme Court in State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.[1] Defendant also argues that his sentence is not consistent nor proportionate to his offense.
 {¶ 5} It is axiomatic that every case and each defendant is unique. For this reason, it is impossible to make any meaningful comparison of consistency from select appellate case law. That type of non-exhaustive comparison is not statistically reliable or fairly representative of the broad spectrum of defendants who have been sentenced throughout Ohio for similar offenses, which would include those who have not appealed their sentences. See State v. Murrin, Cuyahoga App. No. 83482, 2004-Ohio-6301. Instead, consistency is achieved by weighing the sentencing factors. Id. As such, the concept of consistency allows for divergent sentences for the same statutory offense due to the particular factual situations and offender characteristics. Id.
 {¶ 6} R.C. 2929.11(B) requires the court to impose a sentence for a felony that is reasonably calculated to protect the public and punish the offender, yet be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." The trial court is required to consider all relevant and mitigating factors, but need not articulate these considerations on the record when considering the consistency and proportionality of a sentence. Instead, the sentence need only be supported by clear and convincing evidence in the record. R.C. 2953.08(G).
 {¶ 7} Here, the record indicates that the court considered the statutory and mitigating factors and weighed those factors. In particular, the court noted defendant's extensive criminal history, including five previous criminal convictions, and that he was back in court despite getting previous "breaks."
 {¶ 8} Moreover, there is no evidence in the record to show that defendant's sentence is inconsistent with or disproportionate to sentences that have been imposed for similar crimes committed by similar offenders. See State v. Murrin, supra. Indeed, the goal of felony sentencing is to achieve "consistency" not "uniformity." See State v.Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188.
 {¶ 9} Having reviewed the entire record, we find that the trial court's sentence is supported by clear and convincing evidence and, therefore, decline to modify the sentence pursuant to R.C. 2953.08. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Cooney, J., Concur.
[1] R.C. 2929.14(B), which requires a mandatory minimum sentence under certain circumstances, does not apply to this defendant, since he has previously served a prison term. Accordingly, the holding in Comer, that the trial court must make oral findings regarding the departure from the minimum sentence, is inapplicable to this defendant.