JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Tony Rankin ("defendant") appeals from his conviction and sentence for two counts of robbery, carrying a concealed weapon, and having a weapon while under disability, with gun and notice of prior conviction specifications. For the reasons that follow, we affirm.
 {¶ 2} The victim was walking down the street in the afternoon when defendant drove up in a Green Thunderbird. Defendant exited his vehicle and told the victim to give him his jacket. When the victim refused, defendant said "give me your jacket before I beat you up" and grabbed the handle of a gun that was in his waistband. The handle was black and chrome. The victim had seen a handgun before this incident and identified the gun as a semiautomatic. The victim and defendant were about three feet apart. At that point, the victim was scared and took off his hat and coat and gave them to defendant. The victim went home and told his mother and uncle. The victim made a police report that evening.
 {¶ 3} Defendant's version of events is as follows: He went to the victim's house with another male. The victim let him borrow the coat and hat. Defendant was supposed to return the items by 7:00 p.m. that evening but failed to do so. Defendant's version of the events was corroborated by an individual who lived a few houses down the street from the victim.
 {¶ 4} Days after the incident, defendant was seen wearing the victim's coat and hat and was arrested. The victim positively identified defendant as the assailant.
 {¶ 5} Defendant executed a jury trial waiver and the matter proceeded before the bench. The trial court found the victim's testimony credible and the testimony offered by the defense as preposterous. Specifically, the trial court found it absurd that the victim would make a police report the evening of the crime if he was expecting the items to be returned by 7:00 p.m., as alleged by the defense. The court found defendant guilty of all counts, the gun specifications and the notice of prior conviction specifications. The court ordered a presentence investigation to be conducted prior to sentencing.
 {¶ 6} On a subsequent date, the court merged the sentence on the gun specifications for a total of one single three-year consecutive prison term. The court indicated it had reviewed the presentence investigation report as did defense counsel. Defendant indicated that he is not a bad person but conceded his record might reflect it. He apologized to the victim, the victim's family, and his own family but maintained his innocence. He acknowledged that he had been on parole for six months before this incident took place.
 {¶ 7} The court found the incident was traumatic for the victim but that it was not the worst form of the offense. The court also noted defendant had a history of this kind of behavior and did not believe a minimum sentence was appropriate. The trial court imposed five-year terms for each count of robbery and six months on each of the two remaining counts. All sentences were run concurrent to each other and consecutive to the mandatory term for the gun specifications. Defendant received a total sentence of eight years. His assignments of error will be addressed in the order presented and together where it is appropriate for discussion.
 {¶ 8} "I. Appellant has been deprived of his liberty without due process of law by his convictions of robbery, carrying a concealed weapon, having a weapon under disability and firearm specifications, which were not supported by sufficient evidence to prove his guilt beyond a reasonable doubt.
 {¶ 9} "II. Appellant's convictions were against the manifest weight of the evidence."
 {¶ 10} Defendant contends that his convictions were based on insufficient evidence and/or were against the manifest weight of the evidence. Defendant specifically contends that the State failed to prove the firearm specification.
 {¶ 11} Firearm is defined by R.C. 2923.11(B)as follows:
 {¶ 12} "(B)(1) `Firearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. `Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.
 {¶ 13} "(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm."
A. Sufficiency of the Evidence
 {¶ 14} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 15} Defendant believes there is insufficient evidence to support his convictions because the defendant never pointed or brandished the gun at the victim. The victim testified that defendant grabbed the handle of a black and chrome semiautomatic located in his waistband and demanded the victim to turn over his coat and hat. The victim said he complied because he was in fear. Defendant believes this is also not sufficient to establish a firearm. We do not agree.
 {¶ 16} The Ohio Supreme Court has held that "[a] firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm." Id. at paragraph 1 of the syllabus; accord State v. Murphy
(1990), 49 Ohio St.3d 206 ("The state must present evidence beyond a reasonable doubt that a firearm was operable at the time of the offense before a defendant can receive an enhanced penalty * * *. However, such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime (State v. Gaines [1989],46 Ohio St.3d 65, modified).")
 {¶ 17} The victim here testified that he was familiar with firearms and was certain the gun under defendant's possession was a semiautomatic. The defendant threatened the victim by displaying a black and chrome handle of a semiautomatic gun located in his waistband in order to rob the victim of his coat and hat. Defendant's action of grabbing the gun was a clear non-verbal threat that defendant was willing to use the weapon in order to obtain what he wanted from the victim. It was only at this point that the victim turned over the clothing. "Non-verbal threats to shoot or kill the victim, such as pointing a gun at someone's face and back and demanding money, in conjunction with a description of the gun by the witness is sufficient evidence of operability." State v. Reynolds (July 8, 1993), Cuyahoga App. No. 63025, citing State v. Mann (Nov. 7, 1991), Cuyahoga App. No. 59046.
 {¶ 18} Under the totality of the circumstances, there was sufficient evidence to support defendant's convictions for robbery and the related firearm enhancement specifications.
B. Manifest Weight of the Evidence
 {¶ 19} To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Statev. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 20} Defendant's convictions were not against the manifest weight of the evidence. Defendant believes the convictions are against the manifest weight of the evidence for the same reasons he set forth in his sufficiency challenge. Additionally, defendant points to the contradictory version of events given by him and a neighbor of the victim that indicated the victim told defendant he could use the coat and hat until 7:00 p.m. that evening.
 {¶ 21} We have reviewed the entire record and find that the convictions were not against the manifest weight of the evidence. As set forth previously, the victim's testimony if believed supported the convictions. As for the contradictory stories, the trial court explicitly stated its opinion that the victim's version was very credible and that the defendant's was preposterous. The trial court felt it would be absurd for the victim to make a police report if he was expecting the defendant to return the items that night. The trial court based its judgment on a rational and reasonable basis that is supported by competent, credible evidence in the record. Accordingly, we cannot say that the trial court clearly lost its way such that a manifest miscarriage of justice occurred.
 {¶ 22} Because defendant's convictions were supported by sufficient evidence and were not against the manifest weight of the evidence, these assignments of error are overruled.
 {¶ 23} "III. The trial court failed to make a finding that the appellant's sentence is consistent with similarly situated offenders."
 {¶ 24} Defendant argues that his sentence is not consistent nor proportionate to his offense. It is axiomatic that every case and each defendant is unique. Therefore, consistency is achieved by weighing the sentencing factors. State v. Murrin, Cuyahoga App. No. 83482,2004-Ohio-6301. As such, the concept of consistency allows for divergent sentences for the same statutory offense due to the particular factual situations and offender characteristics. Id.
 {¶ 25} R.C. 2929.11(B) requires the court to impose a sentence for a felony that is reasonably calculated to protect the public and punish the offender, yet be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." The trial court is required to consider all relevant and mitigating factors, but need not articulate these considerations on the record when considering the consistency and proportionality of a sentence. Instead, the sentence need only be supported by clear and convincing evidence in the record. R.C. 2953.08(G).
 {¶ 26} Here, the record indicates that the court considered the statutory and mitigating factors and weighed those factors. In particular, the court indicated it had reviewed the presentence investigation report and it is clear from the colloquy that defendant has a significant criminal history. The court found the incident was traumatic for the victim but that it was not the worst form of the offense. The court also noted defendant had a history of this kind of behavior and did not believe a minimum sentence was appropriate.
 {¶ 27} Moreover, there is no evidence in the record to show that defendant's sentence is inconsistent with or disproportionate to sentences that have been imposed for similar crimes committed by similar offenders. See State v. Murrin, supra. The goal of felony sentencing is to achieve "consistency" not "uniformity." See State v. Ryan, Hamilton App. No. C-020283, 2003-Ohio-1188.
 {¶ 28} Having reviewed the entire record, we find that the trial court's sentence is supported by clear and convincing evidence and, therefore, decline to modify the sentence pursuant to R.C. 2953.08. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and McMonagle, J., concur.