JOURNAL ENTRY AND OPINION
{¶ 1} Glen Rice, pursuant to App.R. 26(B), has applied to reopen this court's judgment in State v. Glen Rice, Cuyahoga App. No. 82547, 2003-Ohio-6947, which affirmed his convictions for five counts of rape of a minor. On April 7, 2004, the State of Ohio filed its brief in opposition. On June 8, 2004, Rice supplemented his application with additional authority. On September 20, 2004, he moved to supplement his application with additional assignments of error, which this court allowed on October 27, 2004. The State of Ohio filed a supplemental brief in opposition on October 20, 2004. After reviewing the materials submitted and the relevant portions of the record, this court denies the application.
 {¶ 2} Rice claims that his appellate counsel should have argued the following: (1) The trial court erred in failing to hold a competency hearing under Evid. R. 601 and the Fourteenth Amendment when the declarant was 4 or 5 years old and had difficulty communicating verbally.[1] (2) The trial court erred in failing to hold a hearing under Evid. R. 807 when counsel requested one before trial. (3) Evid. R. 803(2), (4) and Evid. R. 807 violate the confrontation clause of the Sixth
Amendment of the U.S. Constitution under Crawford v. Washington (2004),541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177. (4) Trial counsel should have challenged the constitutionality of Evid. R. 803. (5) The trial court did not comply with R.C. 2929.11, which requires the court to impose a sentence consistent with sentences imposed for similar crimes by similar offenders. (6) Trial counsel was ineffective because he did not provide the trial court with the necessary and appropriate information to comply with R.C. 2929.11. (7) The record does not support the finding by clear and convincing evidence that Rice is a sexual predator. (8) The indictments were fatally defective because they were too vague. (9) The five consecutive sentences violate the U.S. Constitution under Blakelyv. Washington (2004), 124 S.Ct. 2531, 159 L.Ed.2d 403.
 {¶ 3} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
 {¶ 4} In Strickland the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland,104 S.Ct. at 2065.
 {¶ 5} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted, "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would deserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
 {¶ 6} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
 {¶ 7} Furthermore, appellate counsel is not deficient for failing to anticipate developments in the law or failing to argue such an issue.State v. Williams (1991), 74 Ohio App.3d 686, 600 N.E.2d 298; State v.Columbo (Oct. 7, 1987), Cuyahoga App. No. 52715, reopening disallowed (Feb. 14, 1995), Motion No. 55657; State v. Munici (Nov. 30, 1987), Cuyahoga App. No 52579, reopening disallowed (Aug. 21, 1996), Motion No. 71268, at 11-12: "appellate counsel is not responsible for accurately predicting the development of the law in an area marked by conflicting holdings." State v. Harey (Nov. 10, 1997), Cuyahoga App. No. 71774, reopening disallowed (July 7, 1998), Motion No. 90859; State v. Sanders
(Oct. 20, 1997), Cuyahoga App. No. 71382, reopening disallowed, (Aug. 25, 1998), Motion No. 90861; State v. Bates (Nov. 20, 1997), Cuyahoga App. No. 71920, reopening disallowed (Aug. 19, 1998), Motion No. 91111; and State v. Whittaker (Dec. 22, 1997), Cuyahoga App. No. 71975, reopening disallowed, (July 28, 1998), Motion No. 92795.
 {¶ 8} In the present case Rice's claims of ineffective assistance of appellate counsel are not well taken.
 {¶ 9} Rice first submits that his appellate counsel should have argued that the trial court erred by not holding a competency hearing for the victim. Although the victim did not testify, her incriminating evidence was presented through the hearsay testimony of her mother and a social worker. In State v. Said, 71 Ohio St.3d 473, 475-476, 1994-Ohio-402,644 N.E.2d 337, the Supreme Court of Ohio stated, "hearsay statements must meet the same basic requirements for admissibility as live witness testimony: `The admission of hearsay statements, by way of exception to the rule, therefore presupposes that the asserter possessed thequalifications of a witness * * * in regard to knowledge and the like.'" (Emphasis in the original court opinion), citing 5 Wigmore on Evidence (Chadbourn Rec. 1974) 255, Section 1424. Therefore, the supreme court ruled that declarants must be determined competent at the time they made the statements for the statements to be admitted under Evid. R. 807, Hearsay exceptions; child statements in abuse cases.
 {¶ 10} The Ninth District Court of Appeals affirmed this principle inAkron v. Deem (1999) 135 Ohio App.3d 523, 526, 734 N.E.2d 877, and stated the corollary: "a finding of incompetence mandates the exclusion of out-of-court statements offered under Evid.R. 807." The Ninth District seemed to expand this holding in State v. Street (1997),122 Ohio App.3d 79, 85, 701 N.E.2d 50: "State v. Said held that a child must be found competent at the time a statement is made before the statement can qualify under any hearsay exception * * *."
 {¶ 11} In the instant case defense trial counsel sought to determine the competency of the victim, but the trial court denied the request as moot, because the state had decided not to call the victim. Rice now argues that determining competency was a threshold requirement, especially considering the victim's limitations and the lack of corroborating physical evidence. Had appellate counsel raised this issue, Rice would have obtained a reversal to fulfill this basic evidentiary requisite.
 {¶ 12} However, in Said the supreme court noted an exception to the rule that a hearsay declarant must be determined competent before the hearsay testimony may be admitted: "in State v. Wallace (1988),37 Ohio St.3d 87, 94-95, 524 N.E.2d 466, 473, the circumstances involving an excited utterance make that exception sui generis with respect to requiring competency of a child declarant." 71 Ohio St.3d at 477, footnote 1. Similarly, in State v. Boston (1989), 46 Ohio St.3d 108,545 N.E.2d 1220, the court stated that there are applicable exceptions to the declarant competency rule, such as excited utterances under Evid. R. 803(2).
 {¶ 13} The trial court allowed the mother to testify about the victim's statements under the excited utterance exception. Appellate counsel in the exercise of professional judgment decided to attack this hearsay directly in his first assignment of error, rather than indirectly through the competency argument: "The court allowed impermissible hearsay testimony from the alleged victim's mother in violation of Ohio Rule of Evidence 803(2), the Fifth, Sixth, Eighth and Fourteenth Amendment to the U.S. Constitution and Article I, Secion 9 and 16 of the Ohio Constitution." Given the Supreme Court's language in Said and Boston,
appellate counsel was not deficient in his strategy and tactics. Moreover, Rice has not established prejudice. After reviewing the record, this court concluded that the victim performed well academically and had no difficulty in expressing herself. Thus, an ultimate finding of incompetency and the exclusion of the evidence seems unlikely.
 {¶ 14} The trial court also admitted the victim's declarations into evidence through the testimony of the social worker under Evid.R. 803(4), Statements for purposes of medical diagnosis or treatment. Statev. Wilson (Feb. 18, 2000), Adams App. No. 99CA672 addressed the same issue. In that case the trial court, pursuant to Evid.R. 803(4), admitted social workers' reports on a child abuse victim. On appeal Wilson argued that the trial court erred because it failed to determine that the child victim was competent when she talked to the social workers. The Fourth District Court of Appeals rejected that argument and ruled that Evid.R. 803(4) has no prerequisite of determining whether a declarant is competent to testify.
 {¶ 15} This court also recently addressed the issue in In re: D.L.,
Cuyahoga App. No. 84643, 2005-Ohio-2320. In that case a thirteen-year-old boy was found delinquent of raping a three-year-old girl. The trial judge ruled the girl incompetent to testify, but allowed the girl's statements to a nurse and social worker into evidence pursuant to Evid.R. 803(4). On appeal this court upheld the admissibility of the evidence by noting: "Further, a majority of Ohio courts addressing the competency issue have held statements by a child for purposes of medical diagnosis or treatment are admissible regardless of the competency of the child. State v.Brewer, Erie App. No. E-01-053, 2003-Ohio-3423; State v. Rusnak, Cuyahoga App. No. 80011, 2002-Ohio-2143; State v. Ashford (Feb. 16, 2001), Trumbull App. No. 99-T-0015, 2001 Ohio App. LEXIS 583; State v. Wilson (Feb. 18, 2000), Adams App. No. 99CA672, 2000 Ohio App. LEXIS 677, paragraph one of the syllabus; [State v. Scott June 7, 1995), Cuyahoga App. No. 69417, 1995 Ohio App. LEXIS 2527; State v. Shepard (July 1, 1993), Cuyahoga App. No. 62894, 1993 Ohio App. LEXIS 3387]; State v. Ullis (1993),91 Ohio App.3d 656, 665, 633 N.E.2d 562; State v. Miller (1988),43 Ohio App.3d 44, 539 N.E.2d 693; State v. McWhite (Dec. 29, 1995), Lucas App. No. L-95-007, 1995 Ohio App. LEXIS 5756." Given this authority in opposition to the Said argument, appellate counsel was not deficient for directly attacking the hearsay from the social worker in the second assignment of error, instead of indirectly through the competency argument.
 {¶ 16} Rice's second argument is that the trial court erred in failing to hold a competency hearing under Evid.R. 807 when trial counsel requested one before trial. This argument is baseless. The prosecution did not rely on Evid.R. 807 as the hearsay exception through which the state would admit the victim's statements; the prosecution relied on other exceptions. Therefore, Evid.R. 807 was irrelevant to the case, and appellate counsel properly rejected this argument.
 {¶ 17} Rice next argues that Evid.R. 803(2) and (4) and Evid.R. 807 violate the confrontation clause of the Sixth Amendment of the U.S. Constitution under Crawford v. Washington, supra. However, appellate counsel cannot be considered ineffective for not arguing Crawford. He submitted his brief on August 6, 2003, and this court decided the case in December 2003. Crawford was not decided until 2004. Thus, it was impossible for appellate counsel to rely on Crawford in forming his appellate arguments.
 {¶ 18} As noted earlier, appellate counsel is not deficient for failing to anticipate developments in the law or in failing to argue developing issues. Thus, appellate counsel was not ineffective for failing to challenge the constitutionality of Evid.R. 803. Moreover, this court notes that appellate counsel attacked the hearsay statements as not qualifying for the exceptions under Evid.R. 803; he also submitted that Rice was denied his right to cross-examine the declarant, because she never testified. Pursuant to the admonitions of the U.S. and Ohio Supreme Courts, this court will not second-guess appellate counsel's strategy and tactics.
 {¶ 19} Similarly, Rice now attacks his sentence under Blakely v.Washington, supra. The United States Supreme Court did not decideBlakely until 2004, and therefore, appellate counsel could not have relied on it in 2003.
 {¶ 20} Rice's next argument is that the trial court did not comply with R.C. 2929.11(B), which provides that the sentence imposed should be consistent with sentences imposed for similar crimes by similar offenders. The trial court imposed five consecutive sentences of ten years to life. However, the trial court made no effort to show that such a harsh sentence was imposed on other child rapists who had never previously been to prison. Additionally, Rice relies upon State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-3424, and State v. Johnson, Cuyahoga App. No. 80857, 2003-Ohio-1848, for the principle that the trial court has the responsibility to have the necessary information before it to ensure compliance with this statute. In those cases this court reversed and remanded for resentencing when there was no effort to comply with the statute. As a variant on this argument, Rice complains that his trial counsel should have supplied the court with information showing that his sentence was disproportionately harsh.
 {¶ 21} Because Ohio's sentencing scheme is relatively new, it is still very much a developing area of the law, and subsequent decisions have been inconsistent with Lyons and Johnson. In State v. Haamid, Cuyahoga App. Nos. 80161 and 80248, 2002-Ohio-3243, this court overruled a proportionality argument under R.C. 2929.11(B) without any reference to similar cases. Indeed, Judge Karpinski in her concurring opinion noted the lack of data necessary for such an analysis and the extreme difficulties in preparing such data and making it available to all necessary parties. This court further expressed reservations about this consistency argument in State v. Harris, Cuyahoga App. No. 82037, 2003-Ohio-3952. "The legislature has not identified the means by which the court should attain this goal." The courts and the lawyers do not have "the resources to assemble reliable information about sentencing practices throughout the state," and even determining what are similar crimes and offenders would be "a massive task." Thus, the court can only "address the principle of consistency to a very limited degree." Harris
at ¶ 5. See, also State v. Murrin, Cuyahoga App. No. 83482,2004-Ohio-6301, and State v. Rose, Cuyahoga App. No. 84191, 2005-Ohio-618 — The goal of R.C. 2929.11(B) is to achieve consistency not uniformity, and consistency is achieved by the weighing of the statutory factors. Given the developments, limitation, and conflicting opinions in this area of the law, this court rules that appellate counsel was not deficient for failing to argue consistency.
 {¶ 22} Additionally, this court notes appellate counsel may also have avoided this argument because it appears that harsh sentences for child molesters are not uncommon. In State v. Mayes, Cuyahoga App. No. 82529, 2004-Ohio-2014, this court upheld consecutive sentences for a child molester against a R.C. 2929.11(B) argument. This court ruled, inter alia, that the "trial court's total order of sentence in this case, moreover, is proportionate to others reviewed by this court in similar cases; therefore, it will not be disturbed. State v. Hunt, Cuyahoga App. No. 81305, 2003-Ohio-175; [State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571]; State v. Wellman (May 18, 2000), Cuyahoga App. No. 76219, 2000 Ohio App. LEXIS 2095; State v. Murphy (July 30, 1998), Cuyahoga App. No. 71775, 1998 Ohio App. LEXIS 3503." Mayes at ¶ 47. See also, State v. Gross (Aug. 17, 2000), Cuyahoga App. No. 76836. Even inValentine v. Huffman (N.D. Ohio 2005), 285 F.Supp. 1011, upon which Rice relies for his next argument, the court sentenced the child molester to forty consecutive life sentences.
 {¶ 23} Rice also argues that the indictments were too vague to support the charges, because they were all identical, with no distinguishing characteristics among any of them. In Valentine, the federal district court granted the writ of habeas corpus because the identical counts violated the due process right to be notified of the crime charged with sufficient certainty to protect against double jeopardy. On appeal the Sixth Circuit affirmed in part and reversed in part. Valentine v. Konteh
(C.A. 6 2005), 395 F.3d 626. The appellate court ruled that the identical indictments violated the constitution because there were no distinctions made at any time during the trial to differentiate one incident of sexual abuse from another, to link each charge with a specific incident. The failure to do this violated the ordinary rules of notice, jury unanimity, double jeopardy, and sufficiency of the evidence. The court indicated that the cure for such identical indictments would be for the prosecution to delineate the factual bases for each account either before or during the trial, so that the judge, defendant and the jury could be able to tell one count from another.
 {¶ 24} In the present case the indictments were identical. However, throughout the trial the prosecution differentiated each count. Count I was digital penetration in 2001. Count II was vaginal intercourse in 2002. Count III was digital penetration of the anus in 2002. Count IV was fellatio in 2002, and Count V was penetration with a dildo in 2002. Such specific differentiation for each count satisfied the due process requirements, and appellate counsel in the exercise of professional judgment could choose to not argue this point.
 {¶ 25} Rice's last argument is that the record does not support the finding by clear and convincing evidence that he is a sexual predator. A review of the record reveals why appellate counsel chose not to argue the sexual predator classification. This was the second conviction against Rice for sexual abuse against a child. The trial court also found that Rice showed no remorse, was unbelievable, and tried to play the jury. The evidence that he begged for help, but then never sought it, and the escalating nature of the sexual offenses against his own, physically-impaired, four-year-old daughter, intuitively indicate that he is a predator. Appellate counsel was not deficient for avoiding this argument.
 {¶ 26} Accordingly, this court denies the application to reopen.
Karpinski, P.J., concurs.
 Rocco, J., concurs.
[1] Rice's daughter (hereinafter the "victim") suffers from cerebral palsy and is substantially, physically incapacitated. The jury convicted Rice primarily on hearsay evidence.