JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Ammar Najjar ("Najjar"), appeals his aggravated menacing convictions. Finding no merit to the appeal, we affirm.
 {¶ 2} In May 2006, Najjar was charged with three counts of aggravated menacing. In August 2006, the matter proceeded to a bench trial, at which the municipal court judge found him guilty and sentenced him to ninety days in jail on each count, to be served concurrently, and placed him on probation for one year. Najjar obtained a stay pending appeal.
 {¶ 3} The following evidence was presented at trial.
 {¶ 4} In April 2006, Heather Arkley ("Heather"), David Arkley ("David"), and their child, Jerrad Arkley ("Jerrad") were traveling on Interstate 90 in Cleveland. Heather was driving as David sat in the front passenger seat and Jerrad sat in the rear passenger seat. Heather observed a white Lincoln following her very closely at a high rate of speed. She was about to move into the next lane when the Lincoln pulled up next to her vehicle.
 {¶ 5} Heather and David were able to see that Najjar was driving the Lincoln. They also observed his license plate, which read "1Gotti." Heather attempted to avoid Najjar, but he continued to either pull in front of her vehicle and slam on his brakes or to swerve toward her, forcing her toward the concrete barrier. She attempted to exit the highway but Najjar followed her. She swerved and continued eastbound on I-90 as Najjar exited at Martin Luther King Boulevard. David reported *Page 2 
the incident to Cleveland police.
 {¶ 6} Najjar appeals, raising two assignments of error. We will first address the second assignment of error, in which he argues that there was insufficient evidence to sustain his conviction as relates to Jerrad, who did not testify.
 {¶ 7} Najjar admits that his vehicle was involved in the incident, but he claims he was not driving at the time. He maintains that he was at work at his father's gas station from 6:00 a.m. until noon that day, and that he never left the station. He allowed a "light-skinned crack head" named Freddy to borrow his car that day to pick up items for the gas station. He also presented testimony from Tameka Evans ("Evans"), an employee at the gas station, who testified that Najjar was at the gas station the day of the incident.
 {¶ 8} At the outset, we note that Najjar failed to move for an acquittal pursuant to Crim.R. 29. A defendant must move for acquittal pursuant to Crim.R. 29 at the close of the State's case and also at the close of the defendant's case in order to preserve the right to appeal any sufficiency of the evidence argument. State v. Adams, Lake App. No. 2003-L-110, 2005-Ohio-1107. See, also, State v. Turner (1993),91 Ohio App.3d 153, 631 N.E.2d 1117. Failure to move for a judgment of acquittal waives all but plain error involving the sufficiency of the evidence.Cleveland v. Ellsworth, Cuyahoga App. No. 83040, 2004-Ohio-4092;State v. Reid, Cuyahoga App. No. 83206, 2004-Ohio-2018.
 {¶ 9} Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *Page 3 
The standard for noticing plain error is set forth in State v.Barnes, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240:
 "By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. * * * Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings. * * * Third, the error must have affected `substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." (Citations omitted.)
 {¶ 10} Errors that satisfy these three limitations may be corrected by the appellate court. However, notice of plain error should be done "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804.
 {¶ 11} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 12} Najjar was convicted of three counts of aggravated menacing pursuant to Cleveland Codified Ordinance 621.06(a), which states that: "No person shall *Page 4 
knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."
 {¶ 13} In the instant case, Heather and David identified Najjar as the person driving the white Lincoln. They testified that they saw his face from only four to six feet away. David believed that Najjar was attempting to cause an accident and to cause him physical harm. Heather was concerned for her own safety as well as that of her child in the back seat. The trial court, in reviewing the evidence, did not believe Najjar's alibi and found that Najjar knowingly caused the Arkleys to believe he would cause serious physical harm to them and to their child, their immediate family member.
 {¶ 14} Therefore, we find no plain error which would justify the reversal of Najjar's conviction relating to Jerrad.
 {¶ 15} Accordingly, the second assignment of error is overruled.
 {¶ 16} In the first assignment of error, Najjar argues that his convictions are against the manifest weight of the evidence.
 {¶ 17} In evaluating a challenge to the verdict based on the manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings that it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury that has "lost its way." Thompkins, supra. As the Ohio Supreme Court declared: *Page 5 
 "Weight of the evidence concerns the ` inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' * * *
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 18} In State v. Bruno, Cuyahoga App. No. 84883, 2005-Ohio-1862, we stated that the court must be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, 383 N.E.2d 132. Moreover, in reviewing a claim that a conviction is against the manifest weight of the evidence, the conviction cannot be reversed unless it is obvious that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Garrow (1995), 103 Ohio App.3d 368,659 N.E.2d 814.
 {¶ 19} As stated above, Heather and David identified Najjar as the person *Page 6 
driving the white Lincoln. Also, the trial court in reviewing the evidence chose not to believe Najjar's alibi witness. Thus, we cannot say that the trial court lost its way in finding Najjar guilty of aggravated menacing. The trial court reasonably concluded that substantial evidence was presented to prove that Najjar caused the Arkleys to believe he would cause them serious physical harm. Therefore, his convictions are not against the manifest weight of the evidence.
 {¶ 20} Accordingly, the first assignment of error is overruled.
Judgment is affirmed.
 It is ordered that appellee recover of appellant the costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J. and MARY J. BOYLE, J. CONCUR *Page 1