{¶ 27} I respectfully dissent from the majority's holding in this case. I would find no error in any of the six assigned errors and would affirm appellant's convictions and sentence.
 {¶ 28} It should come as no surprise that two five-year-old children would have some degree of difficulty relating to circumstances they encounter inside a courtroom. The fact that very minor children need to be told to speak into a microphone, to sit up, and to be repeatedly prompted to give audible responses does not render them incompetent to testify. I believe a review of the record as a whole supports the finding of competency for both children in this case. *Page 15 
 {¶ 29} Evid.R. 601 sets out the general rule of competency for all witnesses. It states that every person is competent except "(A) Those of unsound mind, and children under ten years of age, who appear incapableof receiving just impressions of the facts and transactions respectingwhich they are examined, or of relating them truly." (Emphasis added.) The majority opinion characterizes the children "statutorily incompetent" and "presumed incompetent," but in fact, regardless of age, only those incapable of meeting the requirements of Evid.R. 601(A) are incompetent. The Supreme Court of Ohio stated that "a witness under the age of ten is not presumed incompetent, but rather, the proponent of the witness's testimony bears the burden of proving that the witness is capable of receiving just impressions and relating them truthfully."State v. Clark, 71 Ohio St.3d 466, 469, 1994-Ohio-43. Accordingly, no one is in fact "statutorily" or "presumptively" incompetent.
 {¶ 30} As the majority notes, appellate courts have found that it was not prejudicial for the prosecutor to conduct a voir dire of a child witness at the beginning of the child's testimony. In fact, the Ohio Supreme Court in Frazier did not find error when the trial court permitted counsel to examine the child witness on voir dire.61 Ohio St.3d at 251. As stated in State v. Morgan (1986), 31 Ohio App.3d 152,155:
 "The issue of a witness' competence to testify may be likened to other issues of admissibility. See, generally, Evid. R. 104(A). The threshold of admissibility is low, reflecting a policy of favoring the admission of relevant evidence for the trier of fact to weigh as opposed to preliminary admissibility determinations which prevent relevant evidence from *Page 16 
reaching the trier of fact at all. See Evid.R. 402. In the same fashion, a child witness' competence to testify is measured by the standard of whether the child is able to receive just impressions of facts and to relate these impressions truly. Evid.R. 601(A). If the child meets that minimal standard, the testimony of the child is received into evidence for the trier of fact to weigh. *** A voir dire examination should consist of questions designed to elicit from the child answers which the court can use to test competence. From the case law it is clear that a child should demonstrate the ability to distinguish truth from falsehood. The child should also be able to reasonably identify the consequences of giving false testimony."
 {¶ 31} In this case, the prosecutor conducted a voir dire of both children's competency prior to eliciting testimony regarding the actual incident. C.R. testified to her age, her birthday, her grade in school, her teacher's name, and the names of her siblings. She also testified that she knew the difference between the truth and a lie, and that it was good to tell the truth and bad to tell a lie. As for T.W., she testified to her age, her birthday, her grade level, her teacher's name, and that it was a good to tell the truth and bad to tell a lie. I would find that both children were competent to testify.
 {¶ 32} The majority opinion finds plain error in appellant's claim that the trial court failed to conduct competency hearings for both child witnesses. This appears to be placing form over substance, as the majority goes on to factually analyze alleged deficiencies in what, in essence, was a hearing on competency. Although the majority bases its ruling on a claimed procedural error, it would seem the majority analysis is really focused on the trial court's failure to find the child witnesses incompetent because of inconsistencies in their trial testimony. *Page 17 
Inconsistency goes to the weight of the evidence, not the competence of the witness.
 {¶ 33} Further, the majority's reliance on plain error, in my view, is misplaced. Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, i.e., a deviation from a legal rule. Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings. Third, the error must have affected `substantial rights.'" State v. Barnes,94 Ohio St.3d 21, 2002-Ohio-68. This means that the trial court's error must have affected the outcome of the trial. Id. Errors that satisfy these three limitations may be corrected by the appellate court. State v.Najjar, Cuyahoga App. No. 88741, 2007-Ohio-3666. However, notice of plain error should be done "with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 34} After reviewing the testimony of both C.R. and T.W., I cannot say that without their testimony the outcome of the trial would have been different. C.R.'s testimony was corroborated by the social worker, and T.W.'s testimony helped the defense. Even if the court had found the children incompetent to testify, the *Page 18 
testimony of the social worker would have been sufficient to overcome plain error and convict the appellant.
 {¶ 35} With respect to the second assigned error, I would affirm the trial court's admission of the social worker's testimony. This case is factually on all fours with State v. Muttart, 116 Ohio St.3d 5,2007-Ohio-5267. In Muttart, the Supreme Court of Ohio held that a child need not have been found competent to testify in order to have the child's statement admitted as an exception to the hearsay rule if the statement was made for the purpose of medical diagnosis or treatment under Evid.R. 803(4). Id. Further, Evid.R. 807, the residual hearsay exception, does not control the admission of evidence proffered per Evid.R. 803(4), the medical diagnosis exception to hearsay. Regardless of whether a child less than ten years old has been determined to be competent to testify pursuant to Evid.R. 601, the child's statements may be admitted at trial as an exception to the hearsay rule pursuant to Evid.R. 803(4) if they were made for purposes of medical diagnosis or treatment. Id. In cases in which there is hearsay that could be admitted under Evid.R. 807 (residual exception) or Evid.R. 803(4) (medical treatment exception), a trial court judge retains her discretion to determine which hearsay exception, if any, is most appropriate to admit the evidence.[2] Id. *Page 19 
 {¶ 36} With respect to the third assigned error concerning the claim of ineffective assistance of counsel, I would overrule this assignment of error. In my view, there was no basis in the record for trial counsel to object to the competency of the child witnesses. Further, the testimony of T.W. aided the defense. Lastly, the social worker's testimony was admissible. Ohio appellate courts have consistently found that the statements of children to social workers and counselors are admissible pursuant to Evid.R. 803(4), because the statements were made for the purpose of being referred to proper medical treatment. In reA.R., Summit App. No. 22836, 2006-Ohio-1548; State v. Rice, Cuyahoga App. No. 82547, 2005-Ohio-3393; State v. Azbell, Fairfield App. No. 04CA11, 2005-Ohio-1704; State v. Tillman, Butler App. No. CA2003-09-243,2004-Ohio-6240; State v. Ludwick, Ashtabula App. No. 2002-A-0024,2004-Ohio-1152; State v. Nasser, Franklin App. No. 02AP1112,2003-Ohio-5947. I fail to see how appellant is prejudiced by the trial tactics or decisions of trial counsel or how the outcome of the trial would have been different. State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592.
 {¶ 37} With respect to appellant's fourth and fifth assigned errors concerning sufficiency and manifest weight, I would again affirm the convictions. Viewing the evidence in a light most favorable to the prosecution, I would find that the elements of gross sexual imposition were proved beyond a reasonable doubt and that his convictions were not against the manifest weight. *Page 20 
 {¶ 38} With respect to the last assigned error regarding the trial court's finding that the appellant is a sexual predator, I would affirm the trial court's decision. The record is clear that the trial court considered the enumerated factors under R.C. 2950.09, and the trial court's decision was not against the weight of the evidence.
[2] Although the Muttart decision was released after the trial was conducted in this case, the law of Muttart is nevertheless applicable to this appeal. The trial court may not have admitted the testimony of the social worker under the standard in Muttart, but its admission was nonetheless proper. *Page 1